By the Court. Bosworth, J.
The instrument of the 15th of August 1854, signed by the plaintiffs and defendants, is a lease for one year from its date, and the plaintiffs should have been allowed to read it in evidence, under their complaint.
Hallett v, Wylie, 3 J. R. 44; Thornton v. Payne, 5 id. 74.
If-the plaintiffs did not know, when that agreement was made, that Dunning was a member of the firm of Post & Byerson, he may be treated as a dormant partner, and they are not obliged to make him a defendant. They contracted with Post & Eyerson alone, and there being nothing in the style of their firm to indicate that any other person was a member of that firm, and the plaintiffs having no notice at the time of contracting, of any such fact, it was not necessary for them to make him a defendant.
N. Y. Dry Dock Co. v. Treadwell, 19 Wend. 525;. Clarkson v. *37 Carter, 3 Cow. 84; Clark & Bissell v. Miller & Lozee, 4 Wend. 628; Mitchell v. Dall, 2 Har. & Gill. 159 and 171-2.
The evidence does not justify the finding of, and the jury have not, in fact, found an eviction. At most, there was an unreasonable persistency on the part of the plaintiffs in objecting to Post & Ryerson’s putting an additional desk in the back office: The defendants acquiesced to this extent. They paid full rent for a time subsequent to their dissolution, without claiming or asking a deduction on account of it: There was no application; by either of them after that dissolution, to the plaintiffs, for leave to put more desks in the back office, nor any complaint that they had not been permitted to do so.
A reference to the testimony shows very clearly, that the action was tried on the theory, that the evidence tended to show, and that the defendant Post, was endeavoring to prove, that from the date of the Lease, the plaintiffs had exclusive possession of the back office, and that Post & Ryerson, in fact, at no time had, or were able to obtain any use of it.
Elisha D. Hurlhut, testified that, “ the Hurlbuts had exclusive possession of the back room”—
R. H. Hoadley, that, “the back office was used by Hurlbut & Co. exclusively,”—
“ The plaintiffs’ counsel objected to evidence tending to show that, the plaintiffs were at all times from and after the execution of said lease, in the exclusive possession of said back office, and wholly excluded therefrom the said firm of Post & Ryerson, prior to the first of January, and said Post & Dunning at all times thereafter, up to the first of May, when said firm of Post, Smith & Go. removed to said No. 85, upon the ground that such evidence is inadmissible under the pleadings. The Court in accordance with the previous ruling and consent, allowed the pleadings to be amended and received the evidence, and plaintiffs’ counsel excepted”—
“ I heard'Mr. Dunning say, the members of the firm of Post & Ryerson had a right to the back office”—(R. H. Hoadley’s testimony.)
B. Dunning, who was objected to as incompetent, and admitted as a witness against the objection and exception of the plaintiffs, testified that, “ the back office was occupied by the Hurlbuts; *38 we, (Post & Ryerson), wanted more room; the reason we asked for the back room. I went in there with Capt. Post, and applied for room in that back office.”
The plaintiffs excepted to the admission of this evidence.
“I went in with Capt. Post into the back office; he told them he wanted to put a desk in that office; Mr. J. D. Hurlbut objected to it; Capt. Post urged it; He wanted more desk room— objections were made in different ways; Capt. Post wanted to move the sofa so as to put a desk there. Mr. Hurlbut objected to it, and would not consent. Mr. Hurlbut said they wanted all of it; There was room for more desks: Capt. Post could not get possession.”
“ The firm of Hurlbut & Co., had always occupied the back office, as a private office.”
Russel H. Post, the defendant testified that, “Hurlbut & Co., had the exclusive use of the back room, except that we went in, occasionally, to speak to them about business—soon after the copartnership of Post & Ryerson was formed, we applied to Hurlbut & Co. for the back office, and tried to get possession of it, to put in a desk there, and we told them, that by the contract they were entitled only to the use of two desks—this was soon after we hired. They said they wanted the exclusive use of that office, and refused to let us have it. They would not consent, and we did not get possession.
“ The reason we did not pay the rent for the last quarter, was because we owed them none. We could not consistently occupy the office. Had no proper use of the office with them, with Lay-ton and Ryerson carrying on an opposition on the same floor, and keeping the back office and so much of the front. Under such circumstances, the office was of no value to us, but we remained there until May.”
John H. Ryerson, testified that “Hurlbut & Co. occupied the rear office. There were two desks at the time. * * I rather think I made objection about the desk room in the back office. I told Hurlbut we thought we ought to have desk room in the back office to transact private business, with Hattrick Hurlbut. There were two desks and the sofa. One or the other was generally vacant, and there was no necessity for another. I think Capt.. Post went in and had some high words with Hurlbut, but cannot say what it was about.
*39 “ I never recollect, but once, of Capt. Post having high words in the back office. I never went but once¡ to my knowledge, to the back office, to see about the desk-room.”
This is the whole evidence relating to the question of eviction, or failure to put Post and Ryerson in possession of the whole premises leased to them.
It is to my mind quite clear that there was no pretence of an entry by the plaintiffs on the demised premises) and of an expulsion, by them, of the defendants from any part thereof.
The great effort was, to prove that the plaintiffs wrongfully kept exclusive possession of a part, from the date of the lease, and continued to withhold it until the 1st of May following.
The charge of the Judge, and the question submitted by him, harmonize with this view.
He charged, “ that if the plaintiffs withheld from the defendants a portion of the premises, beyond the use of the two desks mentioned in the agreement, without the consent of the defendants, and against their will, from February 1, 1855, to May 1, 1855, such withholding entitled the defendants to a verdict.
“ To which plaintiffs’ counsel excepted.”
The second question submitted was—“ Did the plaintiffs withhold from the defendants a portion of the premises, (beyond the use of the two desks mentioned in the agreement), without the consent of the defendants and against their will ? If yea, did that withholding continue from 1st of February, 1855, down to the 1st of May, 1855 ?”
Answer—“ Yes.”
The defence set up in the answer was, that “the plaintiffs wrongfully entered upon the said demised premises, and evicted the said defendants and the said Dunning from a part thereof, to wit, on or about the 1st of September, 1854, which eviction was continued during the Whole residue of said term.”
Hence the plaintiffs objected to evidence that, they had at all times had exclusive possession of the back office from the time of making the lease) as inadmissible under the pleadings. But the judge ordered the answer amended so as to admit, and thereupon received such evidence.
It seems to me, therefore, quite clear that all that the defendants tried to prove, and all that the jury have found, is that the *40 defendants never had full possession of all they hired. It is not a case, therefore, of an entry by the lessees into possession, and a subsequent expulsion of them by their lessors from a part, either by force, or by acts recognized in law as of equivalent effect.
I find no decision to the effect, that when the lessees never obtained possession of all they hired, but entered upon and enjoyed a part during'the term, that they are not liable to pay anything for the part they actually enjoyed.
The contrary was held in Etheridge v. Osborn, 12 Wend. 529.
The same rule is asserted in Lawrence v. French, 25 Wend. 443-447. The observations of the Court in the case last cited are open to the objection, that that question was not before the Court for adjudication.
In Christopher v. Austin, 1 Kern, 218, the Court say, that “ where the tenant enters, but is prevented from obtaining the whole of the premises, by a person holding a part under a prior lease from the landlord, it has been placed upon the same footing as an eviction by title paramount, and the landlord has been permitted to recover for use and occupation, on a quantum meruit,” and cite Lawrence v. French, 25 Wend. 443; Ludwell v. Newman, 6 T. R. 458; and Tomlinson v. Day, 2d Brod. & Bing. 680.
The facts of this case are peculiar. By the lease, the lessors reserved the use of two desks for their private business. The acts of the parties show an understanding by all, that the lessors were to have the two desks, which were in a small room by themselves, and which room had always been used as a private office. The lessors were also serving the lessees, for a commission. Under such circumstances, if nothing more occurred than a demand by the lessees of the right or permission to put a desk in the back office, and that was refused by the lessors, and after that the whole rent was paid without complaint or objection, and Post did not demand any such permission after he and Ryerson had dissolved, the whole ought to be regarded either as an acquiescence by the lessees in the propriety of the refusal by the lessors to consent to have a desk placed in that room, or as presenting a case in which possession of every part of the demised premises was never given to the lessees.
The view, most unfavorable to the plaintiffs, which can be *41 taken of this case, upon the evidence, the charge of the judge, and the fact specially found by the jury, is, that the' defendants never had possession of all they hired.
If they did not, but took and occupied a part, without insisting that they must have the whole, or they would pay nothing, they are liable to pay, upon the principle of a quantum meruit, for that which they have actually enjoyed.
I think, therefore, that the jury were erroneously instructed as to the legal effect of the fact, which they found in answer to the question secondly submitted.
The fact that, the plaintiff, after the dissolution of Post & Ryerson, rendered no services for either, is no bar to a recovery in this action.
Post & Ryerson dissolved on the 6th of January, 1856. They dissolved on the evident understanding that, each was thereafter to prosecute a rival business on the premises, until the first of May thereafter, for his own benefit. They agreed what part of the demised premises each one should occupy, as his own, during that period.
Post formed a partnership with Smith & Dunning, and Ryerson with Laytin & P. H. Hurlbut.
After the dissolution of Post & Ryerson, the plaintiffs could render no services to that firm, nor could they have the responsibility of that firm‘for any services they might render to either Post or Ryerson.
It being impossible to render services for them, they were not obliged to remain unemployed. And, Post & Ryerson having dissolved, in order each to prosecute the same business on his own account, and each one forming a new firm for the purpose' of carrying on such business, and on the same premises, the fact that one of the plaintiffs became a partner of Ryerson, and that such firm was advertised at the time it was formed, no objection being made to it by Post, is quite conclusive to show that, neither Post nor Ryerson considered that either of them had any claim upon the future services of the plaintiffs, or that either of them should abstain from serving either Post or Ryerson, under such ' arrangements as either of the latter might make with them.
Post & Ryerson are bound by their covenant to pay the stipulated rent. They have, in fact, had the enjoyment of the pre *42 mises up to the first of January 1855 jointly, and thence to the first of May, 1855, of such separate parts in severalty, as conformed to arrangements made solely by themselves.
By the agreement of dissolution between Post & Ryerson, Ryerson was to have exclusive possession of the whole of the demised premises from and after the first of May 1855, or as soon thereafter as Post could get possession of 85 South street.
As the case now stands, it does not appear that, either of the plaintiffs made any agreement with either Post or Ryerson, which affected the duration of the lease, or the claims of the plaintiffs under it. The failure to render services to Post & Ryerson, after they dissolved, does not affect the plaintiffs’ right to recover.
On the evidence given, it cannot properly be said that, Post established a cause of action in his favor against the plaintiffs.
And if he had, it is not such a matter as falls within the definition of a counterclaim.
In a suit against two, as partners, a several claim, in favor of one defendant only, cannot be enforced as a counterclaim. The separate judgment in favor of the defendant Post is erroneous.
If the plaintiffs, on another trial, on their pleadings as they may be amended, or on the facts that may be proved, shall be reduced to the necessity of recovering the fair worth of the part actually occupied by Post, and to elect whether they will proceed against him alone, or Ryerson alone, it may be quite proper, in order to ascertain what would be a just compensation for the part occupied by either, to admit proof of the nature of that occupation, and of its value as it was in fact enjoyed, as compared with such enjoyment as the terms of the lease contracted to give. Whatever it may be worth, the plaintiffs are entitled to recover, unless more shall be proved on another trial than appeal’s on the case before us.
The judgment must be reversed, the verdict set aside, and a new trial granted, with costs, to abide the event.