[No. 4,113.]

## JUAN CAMARILLO *v*. JAMES FENLON.

JUDGMENT IN EJECTMENT.—When, in ejectment, there is no finding as to the value of the use and occupation of the premises, the plaintiff is not entitled to judgment for damages by way of mesne profits.

REFUSAL OF TENANT TO RESTORE PREMISES TO LANDLORD.—If it be assumed that the law justifies a tenant in refusing to surrender possession of the demised premises to his landlord, on the ground that the landlord falsely represented himself to be the owner of the property, it must not only be found that this false representation was made, but that the tenant was induced by the fraud to accept the lease.

ABANDONMENT OF LEASE.—If the landlord, after the lease is executed, cannot give the tenant possession of all the demised premises, and the tenant accepts of and enters into possession of a part, this is an abandonment of the contract of lease, and a waiver of its terms, and the

landlord, notwithstanding the lease, may maintain ejectment to recover that portion of the leased property which he could not deliver to the tenant.

JUDGMENT IN EJECTMENT.—If the defendant in ejectment is in possession of only a part of the demanded premises, and the plaintiff owns the whole, and claims no damages, the defendant is not injured by a judgment in favor of the plaintiff for the whole tract.

REFUSAL OF TENANT TO SURRENDER THE PREMISES.—If the tenant can refuse to surrender to the landlord the premises leased, at the termination of the lease, on the ground that the landlord does not have the paramount title, and that the owner of the paramount title has made a demand on him for a surrender of the premises, it devolves on the tenant, in ejectment brought by the landlord, to prove both the paramount title, and that such demand was made before the landlord commenced his action.

PLAINTIFF IN EJECTMENT.—If the plaintiff in ejectment parts with the title to the demanded premises, pending the action, the action may be continued in his name, unless the grantee applies to be substituted as plaintiff.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

Ejectment to recover a tract of land containing eight hundred and seventy-seven and nineteen one hundredths acres, being a portion of the Rancho Rio de Santa Clara or Calonia. On the 19th day of October, 1871, the plaintiff gave the defendant a written lease of the land for the term of one year at an annual rent of $650. The land was described by metes and bounds in the lease. The lessee covenanted, in the lease, at the expiration of the term to deliver up the premises to the lessor. The action was commenced August 1, 1872. The defendant went into possession of the demanded premises under the lease. In December, 1871, the plaintiff executed, to one John Dempsey, a lease for the whole of the demanded premises, and Dempsey entered into possession of all the tract, except about two hundred acres, which the defendant refused to surrender. The land demised to the defendant included a tract of 467 acres, which Josefa Gonzalez de Lorenzaña had conveyed to the plaintiff by an absolute deed, but the conveyance was made as security for a debt, and was therefore a mortgage. When the lease was made, the plaintiff held this conveyance. On the 14th day of November, 1871, Lorenzaña re-

covered a judgment against the plaintiff, in the District Court of Santa Barbara County, directing him to reconvey to her the property. This judgment was affirmed in the Supreme Court on the 16th day of November, 1872. Soon after the judgment was recovered in the district Court, Lorenzana notified the defendant to deliver to her that portion of the premises included in her judgment. The defendant gave the plaintiff notice of this demand, and notified him that he should lease from Lorenzaña, and he soon after took a lease from her. The two hundred acres which the defendant retained in his possession was a portion of the Lorenzana tract. On the 13th day of May, 1872, the plaintiff served the defendant with a notice to surrender the possession of the premises. In December, 1872, the plaintiff, in obedience to the judgment, deeded to Lorenzaña the land. The Court below found that at the time the plaintiff executed the lease to the defendant, he represented to the defendant that he was the owner of all the land embraced in the lease, but did not find that the defendant was induced by the fraudulent representation to take the lease. The defendant had judgment in the Court below, and the plaintiff appealed on the judgment-roll.

The other facts are stated in the opinion.

*Albert Packard* and *W. C. Stratton*, for the Appellant.

As soon as the tenancy expired the defendant should have peaceably and quietly surrendered the premises. (Taylor's Landlord and Tenant, Sec. 524; *Shilling* v. *Holmes*, 23 Cal. 227.) He agreed in writing to do so, and he now sets up the violation of that agreement as a defense to this action.

To constitute a fraud the party must have been misled to his injury, there must have been a fraud committed by the plaintiff and a damage resulting from such fraud to the defendant. (Story's Eq. Jurisprudence, Sec. 203.) If the charge of fraud were true, the defendant is not in a position to make it; he cannot repudiate a dealing and at the same time avail himself fully of all rights resulting therefrom. (Story's Eq. Jurisprudence, Sec. 346.) The defendant has no legal defense, a lessee cannot deny the title of his

lessor until he is discharged from the estoppel by yielding up possession to his lessor, and the estoppel continues, not to the end of the term merely, but to the end of the tenants occupation. (Herman's Law of Estoppel, Sec. 366; *Tewksbury* v. *Magraff*, 33 Cal. 237.)

*S. M. Wilson* and *Fernald & Richards*, for Respondent.

The plaintiff had parted with his right of possession, to Dempsey, when he commenced this action.

Dempsey was in possession of six hundred and seventy-seven and nineteen one hundredths acres out of the eight hundred and seventy-seven and nineteen one hundredths acres; the remaining two hundred acres alone being in possession of Fenlon. These two hundred acres were not designated or described, and therefore judgment as to them even could not have been given for plaintiff, and was rightly given for defendant. Defendant cannot be responsible at once to Camarillo, Dempsey, and Lorenzaña.

Lorenzaña and wife, having the paramount title, could have evicted Fenlon. They demanded possession; that was equivalent to an eviction, and Camarillo's right ceased, and the defendant, Fenlon, could take a lease from the owners. (1 Washb. on Realty, 369–370, and cases cited; *Tewksbury* v. *Magraff*, 33 Cal. 237.) Defendant was not estopped by the lease to deny plaintiff's title, as he had been induced to enter into it by the plaintiff's misrepresentation. (*Tewksbury* v. *Magraff.* Supr.)

*Packard* and *Stratton*, in reply.

If defendant relies upon the fact that our right to the possession expired during the pendency of the action, he must plead it in a supplemental answer. (*McMinn* v. *O'Connor*, 27 Cal. 246; *Moss* v. *Shear*, 30 Cal. 467; *Foscalina* v. *Doyle*, 48 Cal. 174.) The record shows that Camarillo held the premises by an absolute deed, which, although shown to be intended as a mortgage, conveyed the legal title. (*Hughes* v. *Davis*, 40 Cal. 117.) The Lorenzanas did not have a sufficient title to sustain ejectment, nor would it have amounted to anything as a defense. (*Miller* v. *Fulton*, 47 Cal. 146.)

If the legal title had been in the Lorenzanas, Fenlon's attornment to them without the consent of his landlord, or the judgment of some Court of competent jurisdiction, would have been void. (Statutes of 1855, p. 171, in force at the time; *Thompson* v. *Pioche*, 42 Cal. 508.)

By the Court, McKINSTRY, J.:

The defendant entered into possession of the premises described in the complaint, under the lease mentioned in the findings. His term expired in October, 1871. In December of that year, plaintiff executed a lease of the same premises to one Dempsey, and one of the findings is that "said Dempsey, under the same, entered upon and took possession of the premises described in said lease of defendant, except about two hundred acres, and said Dempsey is still in possession of the same." It is also found "that defendant is still in possession of two hundred acres of the original eight hundred and seventy leased from plaintiff." In May, 1872, "plaintiff duly served defendant with notice to deliver up to plaintiff the possession," etc.

It is manifest that the District Court properly refused to give the plaintiff judgment for damages by way of *mesne* profits, because there is no finding as to the value of the use and occupation of the two hundred acres.

The respondent argues that the judgment of the District Court that defendant retain the possession of the two hundred acres ought not to be disturbed, because the lease was obtained fraudulently. But, assuming that a tenant who is let into possession by the lessor, can ever refuse to surrender the possession on the ground that the lessor falsely represented himself to be the owner of the property, there is no finding in this case that the plaintiff, by fraud, induced the defendant to accept the lease.

Respondent further urges that the judgment should be permitted to stand, because (by reason of the facts set forth in the finding with respect to the lease to Dempsey and his entry under it), the plaintiff had transferred his right to the possession of all the land. If a landlord, having the possession, refuses to give it to a lessee, according to the

agreement, he renders himself liable to an action of eject-
ment; and if he cannot put the lessee in possession of all
the land he contracted to give him, the latter is under no
obligation to accept part, and will be justified in abandon-
ing the premises.    (Taylor's Landlord and Tenant, 177,
and cases cited.)    But the lessee may waive his rights
under the lease by accepting and occupying a portion of
the lands.    After letting the tenant into possession of the
whole, if the landlord evicts him as to a portion of the
premises, none of the rent reserved can be recovered; the
Courts will not apportion the rent.    If, however, the lessee
prefers to occupy, but does not obtain possession of all he
hired, he is liable on a *quantum meruit* for the part he
occupies.    (*Hurlburt* v. *Post*, 1 Bosw. 28; *Lawrence* v.
*French*, 25 Wend. 443.)    This must be, because the acts
of the parties have amounted to an abandonment of the
original contract, and a waiver of its terms.    The original
lease and his rights under it, including his right to the pos-
session of the lands described in it, having been aban-
doned by Dempsey, and the lease having been rescinded by
him and the plaintiff, it follows that the latter had the right
to the possession of the two hundred acres, and may main-
tain this action.

The third point of respondent is, that plaintiff is not en-
titled to a judgment for the possession of the tract de-
scribed in his lease to the defendant, because the two hun-
dred acres are not specifically described in the pleading or
findings.    This is answered by the case of *Vallejo* v. *Fay*, 10
Cal. 377.

The next objection to a recovery by plaintiff is, that Lor-
enzaña, having the paramount title, could have evicted de-
fendant, and a demand for a surrender of possession, was
equivalent to an eviction.    Admitting, for the purposes of
this case, that such constructive eviction could constitute a
defense to an ejectment brought by the landlord and against
his tenant holding over, it devolved on the defendant in the
Court below to prove both the paramount title and a de-
mand made before this action was brought.

Lorenzaña did not acquire the legal title until after de-

fendant had filed his answer herein. Lorenzaña made no application to be substituted as plaintiff, and the action was properly continued in the name of Camarillo. (Practice Act, Sec. 16.)

Judgment reversed and cause remanded, with direction to District Court to enter judgment in favor of plaintiff for the possession of the premises described in the complaint, without damages.

Mr. Justice RHODES did not express an opinion.