# REPORTS OF CASES

DETERMINED–IN–THE

# SUPREME COURT,

## JULY TERM, 1875.

[No. 4066.]

## ALEX. SKAGGS *v.* P. N. EMERSON.

LANDLORD AND TENANT.—If a tenant is forcibly evicted from a substantial part of the demised premises, by the landlord, and the lease is not terminated, but the tenant still continues to occupy, under the lease, the part of which he retains possession, the tenant cannot be compelled to pay the rent reserved, for, in such case, there can be no apportionment of rent.

UNLAWFUL DETAINER.—If a tenant is forcibly evicted by the landlord from a substantial part of the demised premises, but still continues to occupy the remainder under the lease, the landlord cannot, under the Unlawful Detainer Act, recover possession from the tenant by reason of non-payment of rent while the eviction continues.

APPEAL from the County Court, Sonoma County.

The plaintiff, on the 15th day of April, 1872, by lease in writing, demised to the defendant for the term of one year from the 1st day of May, 1872, with the privilege of two years, the premises known as the "Skaggs Springs," northwest of Healdsburg, in Sonoma County, State of California, to include the hotel building, cottages, corrals, and half the barn; also, the small fenced field (about ten acres), south-

( 3 )

west of the hotel, and the garden and orchard at the hotel; the defendant agreeing to pay therefor one hundred and fifty dollars per month. The defendant, on the 1st day of May, 1873, elected to retain the premises another year. On the 15th of September, 1873, he failed to pay the rent due for the month previous, and the plaintiff, on the 18th of September, gave him written notice to pay the rent or surrender up the premises. This action was commenced on the 27th of September, 1873, under the Unlawful Detainer Act, to recover possession of the premises for violation of the lease in the non-payment of rent. An amended complaint was filed, and a demurrer to the same was overruled. A demurrer to the answer was sustained, and an amended answer was filed. The amended answer averred that, by the terms of the lease, the plaintiff was to furnish the defendant with ten good milch cows and that he had furnished but nine, and that a certain cottage, called the "Hewitt Cottage," was included in the demised property, and that about the 8th of February, 1873, during the temporary absence of the defendant, the plaintiff unlawfully took possession of said cottage and refused to surrender it to the defendant, in violation of the implied covenant on the part of plaintiff that defendant should quietly enjoy the demised premises. It was alleged that the defendant had sustained one hundred and ninety dollars damage, and the defendant asked to set it off against the rent. The plaintiff moved to strike out this part of the amended answer, and the court granted the motion. The answer, as it stood, denied any indebtedness on the lease. The case was called for trial on the 3d of October, 1873. The defendant objected to a jury trial on the ground that no demand for a jury had been made by the plaintiff, either in the manner or at the time required by the statute, and that no jury fee had been deposited. The court overruled the objection on the ground that, on the 27th of September, the court had made an order at the verbal request of the plaintiff, requiring a jury to be summoned. The court also directed the plaintiff to deposit twenty-four dollars for a jury fee. The plaintiff had a verdict and judgment, and the defendant appealed.

*Temple & Johnson, and Barclay Henley,* for the Appellant.

Great strictness is required in the performance of acts which make a forfeiture. In this case the lease provided that a re-entry might be made if the lessee failed to pay the rent when due, or within three days thereafter. This is an express agreement that a re-entry shall not be made until the three days had wholly elapsed. The fact that the demand may usually be made on the very day the rent falls due is no answer to this position. There, the forfeiture is upon default; here, it is agreed that the forfeiture shall not be within three days thereafter.

At common law, the tenant could recoup in an action for rent the damages he had received from the failure of the landlord to perform any of the covenants of the lease. (Taylor's Landlord and Tenant, p. 273, Sec. 374; 22 Wend. 155; 8 Paige, 599; 11 Paige, 569; 1 Clark, 511; 3 Hill, 173; 4 Denio, 232; 13 N. Y. (3 Kern.) 151; 22 Pick. 510; 9 Allen, 42; 35 N. Y. 269; 53 Ill. 30; 42 Ala. 275.)

In an action for rent under the Code of Civil Procedure, such a claim would constitute a set-off. (Sec. 438, Code of Civil Procedure.)

So far as this is an action to recover rent, it is a claim against the defendant for damages for a failure to perform the covenants of the lease. Why should he not be permitted to set up in such an action a counter-claim for a failure of the landlord to comply with his covenants in the same instrument?

*McCullough & Maslin,* for the Respondent.

If the rent fell due on the 18th, demand was properly made on that day. (Taylor's Landlord and Tenant, Sec. 493.) The tenant cannot recoup his damages except in an action for rent. This is an action to recover possession, and a recoupment is not permitted.

By the Court, MCKINSTRY, J.:

We shall assume that the demand on notice of the 18th of September, 1873, was in proper time.

It is not necessary to inquire whether the plaintiff would be entitled, in any form of action, to recover the possession of the portion of the premises admitted to have been retained by defendant; for it is clear that he should not have judgment in this action unless the lease was forfeited by defendant's failure to pay rent, the notice and demand. Upon the forfeiture the plaintiff must rest as his ground for any judgment, and he claims that the forfeiture arose from non-payment. But if the averments of the answer, which were stricken out by the court below, are true, no recovery could be had upon the covenant to pay rent since defendant had been evicted by plaintiff from a substantial part of the demised premises. The covenant to pay rent is entire, and cannot be severed or apportioned. (*Camarillo* v. *Fenlon*, 49 Cal. 202; Taylor's Landlord and Tenant, Secs. 315, 378, and cases there cited.) There can be no apportionment, because the partial eviction is the wrongful act of the landlord himself, and no man should be encouraged to disturb a tenant in the possession of that which, by the policy of the feudal law, he ought to protect and defend.

If a landlord is unable to give possession of all the lands described in the lease, and the tenant chooses to accept part, he may be compelled to pay the reasonable value of the use and occupation of that part. In such case the lease may be regarded as abandoned by both parties. (*Camarillo* v. *Fenlon, supra.*) But the position of the present defendant is different. The lease was not terminated by the wrongful eviction by the landlord of the lessee; he still continued to occupy the part from which he had not been evicted, under and by virtue of the written lease. (*Leishman* v. *White*, 1 Allen, 489.) He retained the right to occupy until the expiration of the term, paying no rent while the partial eviction continued. As he was not liable to pay rent if the averments of the answer were true, the lease was not forfeited by reason of the non-payment, whatever notice or demand was given or made.

Order overruling defendant's demurrer to plaintiff's amended complaint; order sustaining plaintiff's demurrer to defendant's answer, and order overruling defendant's objec-

tion to jury trial, affirmed. Judgment and order allowing plaintiff's motion to strike out portions of defendant's amended answer, reversed, and cause remanded with direction to County Court to deny the plaintiff's motion to strike out portions of the amended answer.

Mr. Chief Justice WALLACE did not express an opinion.