[No. 9879.    Department Two. — May 12, 1888.]

P. DENGLER ET AL., APPELLANTS, v. EDWARD MICHELSSEN ET AL., RESPONDENTS.

LANDLORD AND TENANT — ASSIGNEE OF LESSEE — REASSIGNMENT TO LESSEE. — An assignee of a leasehold estate, by reassigning to the original lessee, discharges himself from liability to the lessor for rent subsequently accruing.

ID. — FAILURE OF LESSOR TO DELIVER POSSESSION — ABANDONMENT BY LESSEE. — The failure of the lessor to deliver possession of the leased premises to the lessee justifies the latter in abandoning the premises, and discharges him from the liability to pay rent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*L. H. Van Schaick*, and *Justin Jacobs*, for Appellants.

*O'Brien & Morrison*, and *Darwin & Murphy*, for Respondents.

McFARLAND, J.—This is an action to recover money averred to be due on a certain lease. Judgment went for defendants in the court below, and plaintiffs appealed.

The facts found by the court are substantially these: About August 31, 1878, plaintiffs leased (by written indenture) to one E. B. Burdick, a certain piece of land

and premises in San Francisco known as lot 31 in block 58, for the term of one year from September 1, 1878. Burdick was to pay as rent $110 per month, payable every six months in advance. Defendants furnished to Burdick $660, with which Burdick at the time of the execution of the lease paid the rent to plaintiffs for the first six months; and on September 3, 1878, Burdick made and delivered to defendants an instrument in writing as follows: "In consideration of fifty dollars received from Michelssen, Brown & Co., I hereby transfer lease from P. Dengler and Frank Breiling of lot 31, block 58, bounded by. . . . . Further, said Michelssen, Brown & Co. agree to lease to me the above-mentioned property, or as much of said building as the undersigned requires for the manufacture of artificial butter." But other parties were in possession of the leased premises as tenants of plaintiffs, from whom plaintiffs had received rents to at least September 20, 1878; and plaintiffs failed and refused to deliver possession of said premises to either Burdick or defendants, during the first twenty days of September, although requested so to do, and failed and refused to put defendants into possession for two months after said September 1st. Whereupon defendants declined to have anything further to do with said premises, and so notified plaintiffs; and within the first six months for which the rent had been paid they reassigned said lease to said Burdick. Neither Burdick nor defendants were ever in possession; and defendants have lost the $660 which they advanced to Burdick for the first six months' rent. Immediately after the expiration of the first six months, on the —— day of March, 1879, plaintiffs commenced an action against Burdick for the amount of rent named in the lease for the next six months; but in January, 1882, they, for some reason, dismissed that action, and commenced this present action against defendants for said amount. And the evidence being substantially conflict-

ing as to the facts found, we would not be justified in disturbing the findings.

It is evident that the judgment in favor of defendants is right. Assuming that the instrument above copied was such an assignment of the lease as would establish a privity between plaintiffs and defendants (which is doubtful, because it was not a transfer of the whole estate), still it is clear that defendants discharged themselves from liability from any *subsequent laches* by assigning over to Burdick. (*Johnson* v. *Sherman*, 15 Cal. 290; 76 Am. Dec. 481; Taylor on Landlord and Tenant, sec. 452.) Moreover, the failure of plaintiffs to put defendants or their assignor in possession of the leased land justified the defendants in abandoning the premises (*Skaggs* v. *Emerson*, 50 Cal. 6; *Camarillo* v. *Fenlon*, 49 Cal. 207); and this would be an answer to appellants' contention that the court erred in its refusal to allow plaintiffs to amend their complaint at the trial so as to charge defendants as original lessees, instead of assignees, upon the theory that Burdick procured the lease for them, even if such refusal could be considered as error.

Judgment and order denying a new trial affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.