[No. 12777. In Bank.—January 29, 1890.]

## OTTO F. BRANDT, RESPONDENT, v. JEAN PHILLIPPI ET AL., APPELLANTS.

LANDLORD AND TENANT — EJECTMENT OF THIRD PARTY BY LANDLORD — AGENCY OF LESSEE — WAIVER OF LEASE. — When the possession of land leased is refused by a third party in possession, who claims a right of possession under a lease from the same landlord, through an agent who had no authority to lease the land, and an action of ejectment is brought in the name of the landlord, by his authority, through the agency of the lessee, against such third party, to recover possession, a waiver and abandonment of the lease by mutual consent may be inferred and the previous existence of the lease cannot be objected as a defense to such suit.

ID. — DUTY OF LESSOR TO GIVE POSSESSION — LEASE BY UNAUTHORIZED AGENT. — A lessee is under no obligation to bring suit for possession of the leased premises against a third person in possession who claims a right of possession under a prior lease from the same lessor, which it appears was made in the name of the lessor by an unauthorized person. It is the duty of the lessor to put his lessee in possession, and until he does so, he cannot recover rent. The lessor may sue such third person to recover the possession, if his lessee declines to sue.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. W. Mahon,* and *C. C. Cogwill,* for Appellants.

*B. Brundage,* and *Allen & Miller,* for Respondent.

VANCLIEF, C.—Ejectment for a section of land in Kern County:

Defense that, although plaintiff was the owner of the land in fee, he was not entitled to the possession at the time of the commencement of this action (February 10, 1888), for the reason that he had leased the land some two weeks before to Tyler and Brother for the term of one year. It appears that plaintiff, who was a non-resident of this state, executed a lease of the land to Tyler and Brother, on January 26, 1888, for the term of one year, but never gave them possession under the lease. When they went to take possession, they found the land occupied by the defendants, who claimed to hold it under a lease from plaintiff, through the agency of one W. T. Oden; but it appears that Oden had no authority from plaintiff to lease the land. Defendants refused to let Tyler and Brother into possession, and thereupon the plaintiff authorized Tyler and Brother to commence an action for him and in his name against the defendants to recover the possession. In pursuance of this authority this action was commenced and prosecuted through the agency of Tyler and Brother.

From the foregoing facts it is fairly inferable that Tyler and Brother waived their rights under the lease, and that the lease was abandoned by mutual consent of the parties thereto. (*Camarillo* v. *Fenlon*, 49 Cal. 207; *Skaggs* v. *Emerson*, 50 Cal. 6; *Dengler* v. *Michelssen*, 76 Cal. 125; *Austin* v. *Huntsville Coal M. Co.*, 72 Mo. 535; 37 Am. Rep. 446; Gear on Landlord and Tenant, secs. 163, 168.) Tyler and Brother were under no obligation to the plaintiff to sue the defendants for possession. It was the duty of the plaintiff to put his lessee in possession, and until he did so, he could recover no rent. (See authorities above cited.) If Tyler and Brother declined to sue, as they might, and apparently did, the plaintiff would not only have lost his rent for the term, but would have been deprived of the possession of his land until

after the end of the term, unless he was entitled to bring this action.

I think the judgment and order should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.