(29 Misc. Rep. 650.)

SALOMON v. WEISBERG.

(Supreme Court, Appellate Term. November 29, 1899.)

AGREEMENT TO LEASE—SUMMARY PROCEEDINGS.

In a summary proceeding to obtain possession of land, an answer alleging that plaintiff on a certain day "agreed" to let the land to defendant is no defense, as it alleges merely an agreement to lease, and such an agreement conveys no estate in the land.

Appeal from municipal court, borough of Manhattan, Sixth district.

Summary proceedings by Rudolph G. Salomon against Sarah Weisberg. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Blumenstiel & Hirsch, for appellant.
Manheim & Manheim, for respondent.

LEVENTRITT, J. This proceeding was instituted to dispossess the tenant for holding over after the 1st day of May, 1899, the date of the expiration of his term. Answering the petition, the tenant alleged:

"On or about the 17th day of April, 1899, the landlord herein promised and agreed to and with said tenant to let to such tenant, and said tenant promised and agreed to and with such landlord to hire from said landlord, the premises mentioned in the petition for the term of one year from the 1st day of May, 1899. * * * *"

On motion this plea was overruled, as not constituting a defense, and possession awarded to the landlord. This disposition was proper. It is quite apparent that the answer sets out, not a lease, but a mere agreement for a lease. It is elementary that to create a letting requires words of present demise. McAdam, Landl. & Ten. (2d Ed.) p. 61. The words in the answer expressed simply a promise or agreement to let and hire in the future. Resort is often had to the entire contract to determine whether the parties intended a lease or an

agreement for a lease, and, pursuant to that rule of construction, language like that set out in the answer has been held to be equivalent to a declaration of present hiring. Hurlbut v. Post, 1 Bosw. 28. But when, as in the case at bar, nothing further is pleaded from which the intent of the parties can be gathered, we must construe the words literally. Applying such construction, the tenant's plea amounted to nothing more than an agreement for a lease. As the latter conveys no estate in lands or tenements, the tenant did not, by the language used in his answer, assert a right to possession. It was, therefore, properly disregarded, as not raising an issue; hence the order must be affirmed.

Order affirmed, with costs to the respondent. All concur.