HERMAN PRINCE, Respondent, *v.* SOLOMON JACOBS, Appellant.

*Fraudulent representations by which a tenant was induced to take a lease — remedies open to him — measure of his damages.*

A lessee of real property who was induced to execute the lease by the fraudulent representations of the lessor as to the rentals which the premises yielded, may, upon discovery of the fraud, rescind the contract absolutely and sue at law to recover the consideration parted with or bring an action for the rescission of the lease and obtain therein full relief or retain what he has received and bring an action at law to recover the damages sustained.

Where the lessee, after remaining in possession of the premises for eighteen months and being dispossessed for the non-payment of the rent for the last two months, brings an action at law to recover damages for the false representations made to him by the lessor, he is entitled to recover therein the difference between the rentals of the premises as represented and the amount of the actual rentals as they existed at the time of the execution of the lease together

with a sum of money which, pursuant to a covenant in the lease, he deposited with the lessor as security for the performance of the covenants of the lease, less the amount of the rent for the non-payment of which he was dispossessed.

APPEAL by the defendant, Solomon Jacobs, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 27th day of May, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Herman Aaron*, for the appellant.

*L. E. Miller*, for the respondent.

GOODRICH, P. J. :

On February 10, 1898, the defendant, who was owner of premises known as No. 1 Pitt street, borough of Manhattan, leased them to the plaintiff and his wife by written lease for a term of three years at the yearly rent of $3,800, payable in advance monthly payments of $316.67. Plaintiff alleges that the defendant falsely and fraudulently represented to him and his wife that the premises were yielding rentals aggregating $410 per month and that all of the rooms were rented, whereas the rentals in fact amounted only to $365 per month, and the rooms could not be rented for a greater amount; that the defendant knew such statements to be false and made them with intent to induce the plaintiff to execute the lease; that the defendant also fraudulently represented to them the contents of the lease; that they did not understand the English language and that they were induced by such false representations and in reliance thereon to execute such lease. The lease contained a covenant that the lessees would pay the water rates and keep the premises in repair and would deposit with defendant $1,000 as security for the performance by the lessees of the covenants of the lease, upon which deposit the defendant agreed to pay interest; and the lessees deposited such sum with the defendant. Mrs. Prince assigned her claim to the plaintiff, who brings this action at law to recover damages. The defendant counterclaimed for damages to the premises done or suffered to be done by the lessees. The jury found a verdict for the plaintiff for $1,066.66, and from the judgment entered thereon

and the order denying a motion for a new trial the defendant appeals.

There was a sharp conflict of evidence as to the making of the representations by the defendant, the plaintiff affirming and the defendant denying the same. In a careful charge the court submitted this question to the jury, who decided in favor of the plaintiff, and after a careful examination of the testimony we see no reason to disturb the verdict.

The defendant contends that immediately after the lessees went into possession they ascertained what the actual rentals were and yet continued in possession for eighteen months, and continued for sixteen consecutive months to pay the rent in full and did not demand the return of the deposit. The plaintiff introduced evidence to show that the defendant promised them that he would shortly sell the house and return the deposit and the rent with a bonus for their trouble. This statement was contradicted by evidence introduced by the defendant, but the verdict has established the truth of the plaintiff's evidence.

Three remedies were open to the lessees, one of which they could elect: *First*, they could, upon discovery of the fraud, rescind the contract absolutely and sue at law to recover the consideration parted with; *second*, they could bring an action for the rescission of the contract and in that action have full relief; *third*, they could retain what they had received and bring an action at law for the damages sustained. (*Vail* v. *Reynolds*, 118 N. Y. 297, 302.) In the case at bar the plaintiff has elected the last remedy.

But the defendant contends that the amount of the verdict is excessive, and that the court erred in permitting the jury to include the amount of the deposit. The lessees failed to pay the rent for July and August, 1899, and the defendant dispossessed them by summary proceedings. The court charged, under exception by the defendant, as follows: " If the plaintiff is entitled to recover, the verdict should be for a sum of money which represents the damage that resulted to him by reason of these false and fraudulent representations. He is entitled to recover the amount of his deposit and the loss which he sustained under his contract. Of course you cannot go beyond the period during which the plaintiff was in the occupation of the premises for the purpose of making out an assessment of

damages. The lease concededly seems to have terminated eventually because he failed to pay the rent and he had to go out, and was dispossessed owing two months' rent."

We find no error in this instruction. The $1,000 deposit was by the terms of the lease security for the lessees' performance of its conditions. But the verdict establishes the plaintiff's claim that the lease was obtained by false representations and, therefore, was not binding upon the lessees. They became entitled then to the return of the deposit and to the difference between the rental of the premises as represented and the amount of the actual rentals as they existed at the time of the execution of the lease. They occupied the premises about eighteen months, and the monthly difference being $45 for eighteen months, they were entitled to recover $810, less the unpaid rent for July and August, and in addition the amount of their deposit with unpaid interest. This seems to be the basis upon which the jury estimated the plaintiff's damages, and we find no error therein.

The judgment should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ.

Judgment and order unanimously affirmed, with costs.