GRAY LITHOGRAPH CO. v. AMERICAN WATCHMAN'S TIME DETECTOR CO.

(Supreme Court, Appellate Term.    June 13, 1904.)

1. LIMITATION OF ACTIONS—ASSUMPTION OF INDEBTEDNESS.

   Where a domestic corporation assumed the indebtedness of a foreign corporation, limitations began to run against a right of action against the domestic corporation on such indebtedness from the date of its assumption, and not from the date when the right of action accrued against the foreign corporation.

2. SAME—SEPARATE DEFENSE—SUFFICIENCY.

   Where a portion of the answer contained denials of the allegations of the complaint, but one defense, without incorporating such denials, alleged merely that the cause of action did not accrue within six years, and the complaint showed on its face that the cause of action set up therein did accrue within six years, the defense of the statute of limitations was demurrable.

Appeal from City Court of New York, Special Term.

Action by the Gray Lithograph Company against the American Watchman's Time Detector Company.    From an interlocutory judgment sustaining a demurrer to a defense set up in the answer, defendant appeals.    Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Walter L. Bunnell, for appellant.

Henry Hoelljes, for respondent.

FREEDMAN, P. J.    The amended complaint herein sets forth two causes of action, of which the first only concerns us here, the second being admitted by the defendant's amended answer.    The first cause of action alleges that between December 31, 1896, and April 19, 1897, the plaintiff performed certain work, labor, and services for a New Jersey corporation bearing the same name as the defendant herein, which work, labor, and services were of the reasonable value and agreed price of $115; that thereafter, and on or about May 13, 1899, all the liabilities of said New Jersey corporation, including said liability for $115 then owing to the plaintiff for said work, labor, and services, were assumed and agreed to be paid by the defendant in this action in consideration of the transfer to it by said New Jersey corporation of all its assets; and that the plaintiff shortly afterwards was informed of the assumption of said liability by the defendant, and agreed and consented thereto; and that no part of said sum of $115 has been paid.    The second defense contained in the defendant's amended answer, without denying any of the allegations of the amended complaint, alleges that said cause of action did not accrue within six years before the commencement of this action.    To this defense the plaintiff demurred upon the ground that it was insufficient in law upon the face thereof.    The action was commenced on December 24, 1903, as appears from the statement preceding the appeal papers.    The demurrer was evidently sustained upon the theory that although the answer, besides the defense demurred to, contains denials of the allegations of the complaint, the defense must be con-

sidered as admitting the allegations of the complaint, for the reason that such denials are not reiterated or re-embodied in said defense, and therefore form no part thereof. This was correct under the peculiar circumstances of this case. It is true that the statute of limitations, to be available, must be set up by answer, and it is equally true that under section 507 of the Code of Civil Procedure a defendant may set up in his answer as many defenses as he claims that he has, whether inconsistent with each other or not. But each defense must be separately stated, and must be complete by itself. In Douglass v. Phenix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448, it was expressly held that an affirmative defense set up in an answer is to be treated as a separate plea, and upon demurrer thereto defendant is not entitled to the benefits of denials made in another part of the answer, unless incorporated by reference, and made a part of the affirmative defense. The defense of the statute of limitations is an affirmative defense. The defendant, in setting it up, did not plead generally that whatever cause of action the plaintiff may have had did not accrue within six years before the commencement of the action, but pleaded specially that the particular cause of action set forth in the complaint did not so accrue. This admitted the cause of action set forth in the complaint, and sought to bar it, but the plea in this respect was insufficient for the purpose for the reason that the said cause of action, under the authority of the Court of Appeals in Boardman v. L. S. & Mich. S. Ry. Co., 84 N. Y. 157, accrued on May 18, 1899, the date when the defendant assumed the indebtedness owing to the plaintiff, because the original debtor was a foreign corporation, which could not set up the statute of limitations as a defense in our courts. In such a case, where the insufficiency of the plea of the statute of limitations is clearly apparent, a demurrer to the defense will lie, for a demurrer admits only facts alleged, and not mere legal conclusions. Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928, 10 L. R. A. 816; Farrar v. Lee, 10 App. Div. 130, 41 N. Y. Supp. 672. In the case of Staten Island Midland R. R. Co. v. Hinchliffe, 170 N. Y. 473, 63 N. E. 545, a demurrer to a defense setting up the statute of limitations was sustained.

The interlocutory judgment appealed from should be affirmed, with costs, but with leave to defendant to amend, if so advised, upon payment of such costs and the costs in the court below. All concur.