(45 Misc. 327)

## GOLDBERG v: WOOD.

(Supreme Court, Appellate Term. November 10, 1904.)

1. COUNTERCLAIM—CONNECTION WITH OTHER PLEADINGS.

A counterclaim is a separate plea, and allegations of the complaint or answer cannot be considered as part of it unless reiterated or referred to.

2. LEASE—FORMATION OF CONTRACT.

An agreement to let premises is not a lease unless the lessee accepts the agreement, agrees to pay rent, or goes into possession.

Appeal from City Court of New York, Special Term.

Action by Henry Goldberg against Fernando Wood. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Maurice J. Katz, for appellant.

Joseph A. Flannery, for respondent.

FREEDMAN, P. J. Defendant's counterclaim, which was demurred to for insufficiency, purports to be a cause of action for rent under an alleged agreement to lease. In considering its sufficiency, the complaint cannot be resorted to as part of the counterclaim, where, as in this case, no reference to it is made. An affirmative defense or a coun-

terclaim must be treated as a separate plea, and upon demurrer thereto the defendant is not even entitled to the benefit of denials made elsewhere in the answer, unless incorporated in the separate plea by reiteration or appropriate reference. Blaut v. Blaut, 41 Misc. Rep. 572, 85 N. Y. Supp. 146; Gray Lithograph Co. v. American Watchman's Time Detector Co. (Sup.) 88 N. Y. Supp. 857. Under the operation of this rule the counterclaim in question alleges a mere agreement on the part of the lessor to let the premises. In the absence of words showing a present demise, and that the lessee accepted said agreement or agreed to pay rent for the demised premises, the counterclaim is fatally defective. An agreement to give a lease is not a lease unless followed up by occupation, which is evidence of lessee's agreement to hire. The counterclaim contains no allegation that plaintiff ever went into possession or occupied the premises. It has even been held that an allegation that the landlord "promised and agreed to and with said tenant to let," and that the tenant "promised and agreed to and with said landlord" to take, the premises for another year, does not set up a lease, but only an agreement for a lease. Salomon v. Weisberg, 29 Misc. Rep. 650, 61 N. Y. Supp. 60.

The interlocutory judgment should be reversed, with costs, and judgment granted to the plaintiff upon the demurrer, with costs, with leave to defendant to amend his answer upon payment of said costs. All concur.

