CILETTI et al. v. ACIERNO et al.

(Supreme Court, Appellate Term. January 8, 1909.)

1. LANDLORD AND TENANT (§ 34*)—LEASES—RESCISSION FOR FRAUDULENT REPRESENTATION—NECESSITY FOR DELIVERY OF POSSESSION.

If tenants rescind a lease because of the landlords' fraudulent representations, they must restore the premises to the landlords.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 97; Dec. Dig. § 34.*]

2. LANDLORD AND TENANT (§ 184*) — LEASES — RESCISSION FOR FRAUDULENT REPRESENTATION—RIGHT TO SECURITY FOR COMPLIANCE WITH LEASE.

Tenants, by rescinding a lease because of the landlords' fraudulent representations, do not waive their right to money deposited as security for their compliance with the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceedings to recover possession of real property by Stanislaus Ciletti and another against Feliciano Acierno and another. From a judgment for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Guido J. Giudici, for appellants.
Jacob Friedman, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The landlords seek to evict the tenants for non-payment of rent. The court gave judgment for the tenants. The landlords appeal. The tenants admit the making of the lease and the nonpayment of rent, but claim that they were induced to enter into the lease by reason of the false and fraudulent representations of the landlords with regard to the amount of rent paid by the undertenants, and that they therefore have and do rescind the lease, and that they have deposited, as security for their compliance with the lease, the sum of $1,075 with the landlords, which, to the extent of $500, they counterclaim and offset against the landlords' claim. The whole theory of the defense, as shown by the answer, is that defendants rescinded the lease on account of plaintiffs' fraudulent representations. If so, it was defendants' duty to restore the premises to plaintiffs, by doing which they in no wise would have waived their claim for the deposit. We cannot see under what theory they can rescind the lease and yet keep possession of the premises.

The final order in the tenants' favor must be reversed, and a new trial ordered, with costs to appellants to abide the event.