[Civ. No. 8161. First Appellate District, Division Two.—January 19, 1932.]

CALIFORNIA CRUSHED FRUIT CORPORATION, Respondent, v. INTERNATIONAL PROVISION COMPANY, INC., Appellant.

J. Allen Frankel, Sidney A. Wilson, Rohe & Freston, Ralph E. Lewis, Rohe, Dottenheim & Weikert and Henry S. Dottenheim for Appellant.

Loewenthal, Lissner, Roth & Gunter for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to rescind a lease and to recover damages for alleged fraud. The defendant answered and the trial court made findings in favor of the plaintiff. From the judgment entered thereon the defendant has appealed.

The property involved was a stall in a public market. The plaintiff was engaged in selling soft drinks. It was alleged that the defendant falsely represented to the plaintiff: (1) That it should have the sole right to sell soft drinks in the market, and (2) that the aisles would be kept

open and unobstructed so that all persons could freely use them and that no walls or piles of boxes, etc., would be so placed as to obscure the plaintiff's stand from view. The lease was executed February 1, 1926. The trial court found that prior to July 26, 1928, the plaintiff did not know of his right to rescind. The action was commenced August 1, 1928.

The plaintiff alleged and the trial court found that plaintiff installed fixtures of the value of $4,300. The record does not show that, by the agreement of the parties, the title to such fixtures vested in, or was to vest in, the defendant. ■ Therefore it remained in the plaintiff and it could, at the end of the term, remove the fixtures. (Civ. Code, sec. 1019.) There is a finding that if removed from the premises the fixtures would have no value. It follows that the item of damages based on the fixtures should have been $4,300, but that sum was not allowed. The trial court found that the rental value of the fixtures was $75 per month, and it charged the plaintiff therewith during the period of its occupancy, that is, with the total sum of $2,700, and at the same time adjudged that the title to the fixtures vest in the defendant. That portion of the judgment is not based on the proper rule. (*Hines* v. *Brode,* 168 Cal. 507, 510 [143 Pac. 729].) The court also found that plaintiff had made a deposit of $500. Continuing, it found that the value of the rent as fixed in the lease, during the time of occupancy was $13,350. It also found that the reasonable value was $9,000. The difference between the two sums is $4,350. Adding the deposit to that sum the total is $4,850. But the court gave judgment for only $3,600. ■ As the plaintiff has not appealed it may not complain. As the damages awarded were less than the amount as shown by the proof, the defendant may not complain.

■ In plaintiff's complaint all of the material facts were alleged to support a judgment for rescission except it did not allege any compliance with the provisions of the Civil Code, section 1691, subdivision 2, that is, it did not allege facts showing an offer, prior to the commencement of the action, to return the defendant its property. The defendant claims it was not, therefore, entitled to a judgment of rescission. (*Zeller* v. *Mulligan,* 71 Cal. App. 617, 622 [236 Pac. 349]; *Ciletti* v. *Acierno,* (Sup.) 114 N. Y. Supp. 4;

35 C. J. 1174.) The plaintiff admits the general rule, but claims that an offer to restore is excused when it is necessary that an accounting should be had fixing the amount of the offer. (*California etc. Co.* v. *Schiappa-Pietra*, 151 Cal. 732, 740 [91 Pac. 593].) But the plaintiff's complaint set forth no facts showing that an accounting was necessary. Its allegations were not strengthened by the proof. The court made no finding on the subject except the above-mentioned findings on damages. But damages are involved in nearly every rescission case. It is clear that his case does not fall within the exception claimed, but does fall within the general rule. (Civ. Code, sec. 1691, subd. 2; 3 Black on Rescission, p. 1492; 35 C. J. 1174.) However, it does not follow that the plaintiff was not entitled to any relief. Although it was not entitled to a judgment of rescission, it does not follow that it was not entitled to a judgment for damages. (*Prince* v. *Jacobs*, 80 App. Div. 243 [80 N. Y. Supp. 304].) The facts alleged and found in favor of the plaintiff show that the portion of the judgment awarding damages should not be disturbed. (*Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186 [190 Pac. 797]; *Zellner* v. *Wassman*, 184 Cal. 80, 88 [193 Pac. 84]; 1 Tiffany on Landlord and Tenant, pp. 298, 299.)

The defendant asserts that the plaintiff knew, long before the action was commenced, that the aisles were obstructed in violation of the terms of the lease, and that the plaintiff was guilty of laches. However, the complaint alleged other wrongs. The plaintiff pleaded that other departments in the market were allowed to sell soft drinks in violation of the covenants contained in the leases. On that branch of the case it cannot be said that the plaintiff was guilty of laches.

It further claimed that plaintiff's consent was not obtained by fraud. The plaintiff pleaded that the defendant entered into the covenants contained in the lease without any intention of performing them. In this connection the defendant asserts that there is no evidence of any such want of intention, and, therefore, that the finding is not supported by the evidence. In reply the plaintiff claims that there was evidence which supported the finding. It quotes evidence to the effect that other tenants already held leases under the terms of which they were authorized to sell soft drinks.

The record supports it, and we are unable to say that the findings were not sustained by the evidence. Moreover, the court found that there was a part failure of consideration. That finding was based on the fact that when the defendant leased to the plaintiff the sole right to vend soft drinks in the market it had already entered into leases authorizing other tenants to vend soft drinks there. For the reasons we have stated the plaintiff had the right to vacate the premises and to defend against any claims under the lease for rent. (*Camarillo* v. *Fenlon,* 49 Cal. 202, 207; *Skaggs* v. *Emerson,* 50 Cal. 3; *Dengler* v. *Michelssen,* 76 Cal. 125, 127 [18 Pac. 138].)

The first paragraph of the judgment decrees a rescission of the lease. The last paragraph adjudges that the defendant is entitled to retain all fixtures installed on the premises by the plaintiff. Both of those paragraphs are stricken out and as so modified the judgment is affirmed and each party will pay its costs on appeal.

Nourse, P. J., and Spence, J., concurred.