## The New-York Dry Dock Company vs. Treadwell.

The non-joinder of a secret partner pleaded in abatement, verified by proof, is no bar to a recovery in an action by endorsees of a promissory note, unless knowledge of the partnership at the time of the transfer of the note be brought home to the plaintiffs.

This was an action of *assumpsit* tried at the New-York circuit in February, 1836, before the Hon. Ogden Edwards, one of the circuit judges.

The plaintiffs declared as the *endorsees* of a promissory note made by the defendant. The declaration also contained the common counts. The defendant pleaded in *abate-*

UTICA,    *ment* that the promises were made jointly with one Roberts
July, 1838.   R. Taylor, who is still living, &c. on which issue was joined.
The N.Y.Dry  On the trial the plaintiffs gave in evidence the note, and the
Dock Co.   defendant, among other things, offered to prove that Taylor
v.       was a secret partner with him in business at the time the note
Treadwell.  was made, of which fact the plaintiffs were informed *soon
after* they took the note. The judge rejected the evidence as
insufficient, unless the defendant could show that the plaintiffs
knew at the time the note was made and negotiated that
Taylor was a partner. The defendant excepted, and the
plaintiffs had a verdict. The defendant moves for a new
trial.

*E. H. Ely,* for defendant.

*R. B. Bates & A. Crist,* for plaintiffs.

*By the Court,* BRONSON, J. In *Dubois* v. *Ludert,* 5 Taunt.
609, the common pleas decided that the non-joinder of a
secret partner, might be pleaded in abatement, although
the plaintiff had no knowledge of the partnership at the time
the contract was made. But this decision is not warranted
by some of the earlier cases, and seems not to have been
followed in England. *Doo* v. *Chippenden,* Abbott on Ship.
76. *Ex parte Layton,* 6 Vesey, 438. *Baldney* v. *Ritchie,*
1 Stark. R. 338. *Stansfeld* v. *Levy,* 3 Stark. R. 8. *Mul-
lett* v. *Hook,* 1 Moody & Mal. 88. In this case Lord Ten-
terden said, he could not help thinking that the decision in
*Dubois* v. *Ludert* had been disregarded, if not authoritatively
overruled. Parke, who was of counsel for the defendant,
acknowledged that his impression was to the same effect,
and he did not avail himself of the leave granted by the
judge to move to enter a nonsuit. See also Collyer on Part.
425. Upon principle, I think the defendant should not be
allowed to prevail on a plea of the non-joinder of a dormant
partner in abatement. It would often subject the creditor to
delay and expense for the fault of the debtor in not disclosing
the partnership at the time the contract was made. In
this case the defendant offered to prove that the plaintiffs

were informed that Taylor was a partner *soon after* they took the note. It was then too late. When the creditor, at the time the contract is made, is ignorant that the debtor had a secret partner, he has the option, on discovering the partnership, of suing the debtor separately or of joining the dormant partner.

When an issue of fact joined on a plea in abatement is found against the defendant, the judgment for the plaintiff is final, *quod recuperet.* 3 Wend. 258. 6 id. 649. I am not aware of any exception to the rule.