## VAN VALEN *vs.* RUSSELL & ALLEN

Where there is a dormant member of a copartnership, whose connection with
the firm is intentionally concealed from the public, and the partners have
induced others to deal with the ostensible partner, as if he alone were in-
terested, they will not afterwards be permitted to take any unfair advan-
tage of their own acts.

Thus where a person advanced money to the active member of a firm, to be
employed in his business, and which was so employed, without any knowl-
edge of there being a dormant partner—the dormant partner expressly
representing to the creditor that he was not concerned in the business;
*Held,* that a judgment recovered by the creditor, against the active part-
ner, for the amount of the loan, could be collected out of the partnership
property.

The general rule, subjecting partnership property, in the first instance, to the
payment of partnership debts, ought not to be applied to a case where a
dormant partner, by concealing his interest in a copartnership, and by al-
lowing the active partner to hold himself out as the only party interested
in the business, has permitted a creditor to merge his simple contract claim
in a judgment against the active partner alone, by which he has lost all
remedy as against the partnership.

THIS was an appeal by the defendants from an order made
at a special term, granting an injunction to restrain the collec-
tion of a judgment, out of the plaintiff's property.

*E. H. Seely,* for the plaintiff.

*R. M. Harrington,* for the defendants.

*By the Court,* EDWARDS, J.  The facts in this case, upon
which the parties agree are, that the plaintiff, who was a produce
dealer, resided, and was doing business in Cortlandville, in the
state of New-York; the defendant Russell was engaged in the
same business, in the city of New-York, which he had been car-
rying on in his own name, and on his own account, for several
years.  While the parties were thus situated, and in or about
the month of May, 1844, they made an arrangement with each
other, under which it was agreed that the plaintiff should send
produce to the defendant Russell, at New-York, to be sold by
him, with leave to the plaintiff to draw against the proceeds.

The business at Cortlandville was to be carried on in the name of the plaintiff, and the business in New-York was to be carried on in the name of Russell, and the profits were to be divided between them. After this arrangement, produce was sent by the plaintiff to Russell at New-York, and sold by him, and drafts were drawn upon him by the plaintiff. The business in New-York was carried on in the name of Russell alone, and, as far as appears, in the same manner in all respects in reference to the public, as it had been before the arrangement between himself and the plaintiff was entered into. In the month of November, 1847, the defendant Russell confessed a judgment in favor of the defendant Allen for $16,000 debt, and $22,46 damages and costs, and an execution was issued to the sheriff of the city and county of New-York, with a direction thereon indorsed to levy $8000 and the amount of the damages and costs; and under and by virtue of this execution, the sheriff levied upon the property which had been used in the business carried on by Russell. The plaintiff alledges that this judgment is collusive and fraudulent, and without consideration; and he claims that, even if it is a valid judgment as against Russell, it cannot be satisfied upon the property used in the business carried on by Russell; the same being, as he contends, partnership property, and liable, in the first instance, for partnership debts. The answers of both of the defendants, which in this respect are responsive to the bill, alledge that the consideration of the judgment consists of liabilities incurred and assumed by Allen for Russell in the course of his business, and which were afterwards paid and discharged by Allen; and the answer of Allen alledges that he never knew or heard that the plaintiff was a partner in business with Russell; but that, on the contrary, in the month of April, 1845, the plaintiff expressly assured him that such was not the case.

Upon this state of the pleadings, we are warranted in assuming, for the purposes of the motion before us, that the plaintiff was a mere dormant partner with Russell, who was permitted to carry on the business in his own name, in the same manner as he had done before any business association had been formed;

that all partnership connection was intentionally concealed from the public, not only by Russell, but by the plaintiff; and that the defendant Allen never knew of its existence, but, on the contrary, was informed by the plaintiff that there was no such copartnership. It may be further assumed that the judgment was confessed in good faith, and for a sufficient consideration, and that the indebtedness of Russell to Allen was incurred in the course of the business carried on by Russell, and upon the faith and credit of the property used and employed therein.

There is no doubt that, as a general rule, partnership property is liable in the first instance, to the payment of partnership debts, because it is upon the faith of that property that credit has been given. But although this is the general rule, yet, in some instances the law treats one of the partners as a separate individual, even in respect to transactions connected with the copartnership business. Thus it has been held that the non-joinder of a secret or dormant partner cannot avail the defendant by way of plea in abatement to an action upon a contract made with the ostensible partner, unless the creditor knew that there was a secret partner, at the time that the contract was made. (*The New-York Dry Dock Co.* v. *Treadwell,* 19 *Wend.* 525.) And it has also been held that in a suit brought by all the partners, the defendant may set off a debt due by the ostensible partner alone, upon the ground that the plaintiffs had led the defendant to believe that such partner was the only person contracted with. (1 *T. R.* 361, *note c. Ex parte Enderby,* 2 *Barn. & Cress.* 389. *Smith* v. *Watson, Id.* 401.)

All these cases proceed upon the principle that the partners have induced the public to deal with the ostensible partner as if he alone were interested, and they will not be permitted afterwards to take any unfair advantage of their own act. And in the case of *Lord* v. *Baldwin,* (6 *Pick.* 348,) it was expressly held that where there was a dormant partnership, an attachment of the stock in trade, in the hands of the ostensible partner, in a suit against him alone, had preference over a subsequent attachment of the same goods by another person in an action against all the partners. The court, in giving their opinion say, that all

the creditors sold their goods to, or made their contracts with the ostensible partner, and they trusted to him personally, and to the goods upon which he was trading.    They further say that, even if the dormant partner owned the whole of the stock, as between himself and the known man of business, still it is, in law, the property of the latter, for he is allowed to claim and use it as his alone, and thus lead persons to trust him upon the faith of the goods in his possession.    So in this case the plaintiff might have been carrying on a hazardous business at Cortland-ville, while the business in New-York might have been conducted in such a manner as to inspire confidence and procure credit; and if the partnership debts were to have the preference, the result might be that the creditors in New-York who believed the state of the business to be what the partners by their conduct and acts represented it to be, might lose the only security upon which they had relied, and upon which they had been induced to rely by the acts of the parties themselves.    This would, certainly, be inequitable.    But this would not be the only evil consequence which would result from the application of the general rule as to partnership debts.    The plaintiff, by concealing his interest in the copartnership, and by allowing Russell to hold himself out as the only party interested in the business, has permitted the defendant Allen to merge his simple contract claim in a judgment against Russell alone, so that he has now lost all remedy as against the partnership. (*Robertson* v. *Smith*, 18 *John.* 459.    5 *Hill*, 82.)

In the case of *Pickard* v. *Sears*, (6 *Ad. & Ellis*, 469,) Lord Denman says " the rule of law is clear that when one by his words, or conduct, willfully causes another to believe in the existence of a certain state of things, and induces him to act in that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things existing at the same time."

We think that the plaintiff in this case cannot, consistently with a just application of this principle, deprive the defendant Allen of his right to levy upon the property which had been employed in the business carried on by Russell.

We think that the order of the special term should be reversed, but without costs, and that a special provision should be made as to the money in the hands of the sheriff.

[NEW-YORK GENERAL TERM, June 11, 1852. *Edwards, Mitchell* and *Roosevelt,* Justices.]