COOKINGHAM v. LASHER.

June, 1866.

Affirming 38 Barb. 656.

When one copartner sells, in his own name, partnership property, with warranty, to one who does not know that it is not his individual property, an action may be maintained against him, for a breach of the warranty, without joining the other copartner.

George F. Cookingham sued Abraham Lasher, in the supreme court, to recover damages for a breach of a contract of warranty, upon an exchange of horses.

The defendant and Daniel C. Deyoe, at the time of the sale and transfer of the horses to the plaintiff, were copartners in the business of buying, trading and selling horses, and were, at the time, joint owners of the horses sold to the plaintiff. At the time of the transfer and sale, the plaintiff had no knowledge or notice of the copartnership between the defendant and Deyoe, or that they were joint owners of the horses sold to plaintiff. Defendant sold them in his own name, and so also made the warranty of soundness alleged in the complaint.

Among other defenses pleaded in the answer, was the fact that Deyoe was a partner, and was not joined as a defendant.

The referee held (on the authority of Clark v. Holmes, 3 *Johns.* 148,) that the action would lie against the defendant without joining the copartner.

*The supreme court* affirmed the judgment, and held that upon the elementary principles of the law of partnership and of agency, as defendant did not disclose to plaintiff that he was acting for his firm or for any other person than himself, but made the contract in his own name, he could not turn· the plaintiff over to a litigation with a stranger to the contract, simply because the latter had an interest in the property sold. The defendant appealed to this court.

*D. K. Olney,* for defendant, appellant;—Cited Wooster v. Chamberlin, 28 *Barb.* 602; Sweet v. Tuttle, 14 *N. Y.* (4 *Kern.*) 465; Gardner v. Clark, 21 *N. Y.* 399; Lee v. Wilkes, 27 *How. Pr.* 336; Bridge v. Payson, 5 *Sandf.* 210; *Code,* §§ 119, 147, 150; distinguishing Clark v. Holmes, 3 *Johns.* 148; and insisted that the principle, conceded to be applicable in cases of agency, was not applicable to cases of partnership.

*Amasa J. Parker,* for plaintiff, respondent;—Cited Clark v. Holmes, 3 *Johns.* 148; Hurlbut v. Post, 1 *Bosw.* 28; N. Y. Dry Dock Co. v. Treadwell, 19 *Wend.* 525; Clarkson v. Carter, 3 *Cow.* 84; Clark v. Miller, 4 *Wend.* 628; Mitchell v. Dall, 2 *Harr.* & *G.* 159–171.

BY THE COURT.—WRIGHT J.—The sole point is whether the action is maintainable against the defendant Lasher alone, or

whether the plaintiff can only recover in a suit against Lasher and Deyoe.

I am clearly of the opinion that the action was properly brought against Lasher individually. He alone made the contract. The plaintiff was not informed, and did not know that Deyoe had any interest in the horses. It was intended to be a contract between the plaintiff and Lasher only, and the warranty was made by Lasher personally. This the referee has found.

The defendant having made the contract in his own name, and not in that of himself and copartner, he cannot turn the plaintiff over to a litigation with a stranger, simply because the latter had an interest in the property sold. He cannot evade his personal liability to the plaintiff, nor compel him to bring in another person to divide the responsibility with him; because the plaintiff contracted with him alone, and not with him as the agent of a copartnership of which he was one of the members.

The non-joinder of a dormant partner as a co-defendant, cannot even be pleaded in abatement, when the plaintiff had no means of knowing of the partnership. If, at the time of the contract, the creditor knows that his debtor has a dormant partner, he should regularly make the latter a codefendant; but if he does not, and the non-joinder is objected to, it will be left with the jury to say with what parties the contract was intended to be made. *Collyer on Partnership,* § 719, and cases cited in the notes. In this case, as has been stated, the referee has expressly found that the contract of warranty was intended to be made between the plaintiff and the defendant.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.