HENRY LANGKOP *et al.*, Respondents, v. THE MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, January 8, 1894.

1. **Railroads:** DAMAGE BY STOCK: FENCE. The statute makes it the duty of a railroad to so fence its track that stock cannot enter upon its track or, being there, cannot escape on the adjoining fields and commit damage, and this applies to tenants as well as to owner of the fee.

2. ———: ———: CORNERING TRACTS Plaintiffs were tenants of a triangular piece of land adjoining defendant's right of way, which was in a common enclosure with a cornering eighty owned by them in fee, and a passage could not be effected from one tract to another without passing over another triangular piece belonging to another cornering tract, which latter triangular piece plaintiffs had enclosed in a lane connecting these two tracts, without the apparent consent of the owner, and so kept it enclosed for two years; *held* such owner at least acquiesced in the use of his land by plaintiffs, and defendant was not relieved of its duty to fence its track; and, failing to do so, is liable for damage done on the land owned by plaintiffs in fee, by hogs escaping from its right of way over the two triangular pieces.

*Appeal from the Cooper Circuit Court.*—HON. DARSEY W. SHACKELFORD, Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

(1) The demurrer to the evidence should have been sustained. Plaintiffs' land on which the crops were destroyed and damaged was not adjoining land to the railroad, nor next adjoining. Defendant was not bound to keep its fences in repair for the benefit of anyone except the adjoining owner. *Kelly v. Railroad*, 65 Mo. 172; *Smith v. Railroad*, 25 Mo. App. 113; *Ferris v. Railroad*, 30 Mo. App. 122; *Harrington v. Railroad*, 71 Mo. 384; *Johnson v. Railroad*, 80 Mo. 260; *Peddicord v. Railroad*, 80 Mo. 160. (2) The demurrer should have been sustained for the further reason that plaintiffs' own evidence shows that the hogs which damaged plaintiffs' crops could not have escaped from the triangular piece of Chelton's land, rented to plaintiffs, onto the land of Rodgers, and from Rodgers' land onto plaintiffs' land, except by the voluntary act of plaintiffs, in tearing down the fence between Chelton and Rodgers, and leaving a gap in their own fence between their land and Rodgers. See authorities to point 1. (3) It devolved upon plaintiffs to show that this fence was not a lawful fence, at the time they tore it down; and it also devolved upon them to show that they occupied and used the corner of Rodgers' land with his consent and permission. *Johnson v. Railroad*, 80 Mo. 621; *Smith v. Railroad*, 25 Mo. App. 113 or 115 and 116; *Ferris v. Railroad*, 30 Mo. App. 122 on 124. (4) The court erred in finding that the triangular piece of pasture land and the eighty acres belonging to plaintiff, on which the crops were damaged, were in one common enclosure. And its finding in this particular explains its action in giving defendant's declarations of law, and then finding against defendant. Because A. tears down the division fence between his farm and B.'s, he does not thereby make both farms, in the eye of the law, a common enclosure.

*John R. Walker* for respondents.

(1) Plaintiffs were adjoining owners, and the duty of the defendant to fence, existed in their favor. (2) Even if it be conceded (which I deny), for the sake of argument, that the lands in sections 8 and 9 were not in a common enclosure; yet defendant is liable, and for this reason: The land in section 8 adjoins the defendant's right of way, and there was no fence, lawful or otherwise, between this land and the tract in section 9. Between these was the chute, lane or passage way. *Ferris v. Railroad*, 30 Mo. App. 122; *Smith v. Railroad*, 25 Mo. App. 113; *Peddicord v. Railroad*, 85 Mo. 160; *Johnson v. Railroad*, 80 Mo. 620. (3) It is the essence of technicality to contend that this connecting passage or chute was on Rodgers' land. The corner was removed, and this left the opening. Even if it be held that this passage was over Rodgers' land, and that the hogs inflicting the injury, in going through this passage, thus passed onto Rodgers' land, yet this would not defeat this action. This gap or passage having existed for two years, shows conclusively that Rodgers' west line of fence was not a lawful fence; because he had no fence at the north corner of his land, and had not had for two years. (4) The plaintiffs were guilty of no negligence in removing this corner and constructing this lane or chute.

SMITH, P. J.—This is an action brought under section 2611, Revised Statutes, to recover damages for injuries to crops standing and growing on certain lands, owned and rented by plaintiffs, caused by hogs entering upon the same from the defendant's right of way through a defective fence. There was a trial and judgment for plaintiffs, to reverse which defendant appealed.

The facts which we think the evidence tends to prove will be better understood by reference to the following plat used at the trial and preserved in the record before us.

*a.* Two or three acres rented by Langkop of Chelton.

*b.* Gap made by Langkop from his eighty to the two and one-half acres rented from Chelton.

—·—·—·—. Railroad track.

————. Fences.

It is conceded that the railway fences along the sides of defendant's right of way where the same passes through the lands of the several proprietors, as designated on the plat, was defective and insufficient to turn stock.

It will be seen that the eighty acres of the land owned by the plaintiffs does not adjoin the defendant's right of way, but that the little triangular piece marked "a," which corners with that owned by plaintiffs and which is connected with it by the open, narrow lane "b," does so adjoin. The plaintiffs had occupied and

used for this purpose for about two years the triangular piece under a lease from the owner, Chelton. The crops that were injured were on the eighty acres tract owned by the plaintiffs.

It further appears that the hogs of Mr. Harned, whose lands, it appears from the map, lie on each side of defendant's right of way, were in the habit of escaping from his enclosure through the defendant's defective fences upon its railroad, and from thence they strayed north along the same until plaintiff's triangular piece of land was reached, where, finding no obstructing railroad fence along there in their way, they strayed upon the same and from thence passed through the lane "a-b" and thus gained access to plaintiff's crops of corn and wheat which they destroyed.

Neither at the place where the hogs went upon the right of way nor where they left it to invade the grain fields of the plaintiffs was there a fence, as required by section 2611, R. S. It was the statutory duty of defendant to maintain lawful fences at both of these places. The paintiffs' damages were therefore occasioned by the defendant's neglect of duty.

But it is contended that since the land owned by plaintiffs, and on which the crops destroyed were standing, did not adjoin the defendant's railroad that the defendant did not owe them the duty to fence the same along there. The statute requires the railroads of this state to fence their tracks for two purposes; one to prevent stock from straying on the track, and the other to prevent stock from trespassing upon adjoining fields. *Silver v. Railroad*, 78 Mo. 528; *Stanley v. Railroad*, 84 Mo. 623. It is admitted that the plaintiffs were in the possession of the triangular piece of land as the tenants of the owner of the fee. Such being the fact, plaintiffs had such a proprietary interest in that piece of land as entitled them to the beneficial provis-

ions of the statute in relation to railroad fences. Thornton on Railroad Fences and Private Crossings, sec. 49. *Brown v. Railroad,* 24 Q. B. (Can.) 350; *Brooks v. Railroad,* 13 Barb. 593.

But the defendant further insists that, even though the plaintiffs were the proprietors of the triangular piece adjoining its railroad, within the meaning of the statute, and that it was included in a common enclosure with the eighty acres tract in which the crops destroyed were situate, that still plaintiffs are not entitled to recover because the two tracts only cornered with each other and that an entry upon one from the other could not be effected without passing over a small part of the land of Rogers situate in the northwest corner thereof, for which the plaintiffs had no license or authority.

It seems that when plaintiffs rented the triangular piece of land they opened the narrow lane from it to their own land for the passage of their stock. It does not affirmatively appear whether the plaintiffs had the express permission of Rogers to enclose the small triangular piece of his land in the lane made by them or not. It does appear, however, that they did so and had used it for that purpose for nearly two years previous to the date of the injury complained of. By the opening of this lane the lands which plaintiffs owned and the piece they had rented were brought within one enclosure. Plaintiffs' lands so enclosed were made thus to adjoin the defendant's right of way.

Does the small piece of the Rodgers land extending into the narrow lane by which the plaintiffs' own land and that rented were connected and brought within a common enclosure extending to the defendant's railroad relieve defendant of the duty of maintaining a lawful fence along the side of its road adjoining the plaintiffs' fields? Even if the plaintiffs acquired the possession of the Rodgers land enclosed

within the lane by disseizure in the first instance, yet from the length of time which the plaintiffs have used and occupied the same without objection of Rodgers, we may fairly deduce the inference that if Rodgers did not in the first instance grant plaintiffs a license to so use and occupy it that he at least acquiesced therein.

There is nothing in the evidence tending to show that there was any arrangement between the defendant and Chelton by which the former was excused from maintaining a lawful fence where defendant's road passes through his land.

Since the lands within plaintiffs' enclosure adjoined the defendant's railroad at the point where the trespassing hogs entered upon the same from the defendant's road, the plaintiffs were not strangers, but were, so far, adjoining proprietors who were within the protection of the statute; and for the reason the rule announced in *Berry v. Railroad,* 65 Mo. 172, and the cases that have followed it, are inapplicable.

We are unable to discover any ground of principle which would relieve the defendant from the performance of the duty of maintaining a lawful fence on the side of its railroad adjoining plaintiffs' fields.

We, therefore, find no fault with the action of the trial court in overruling the defendant's demurrer to the evidence, and so affirm the judgment. All concur.