## SHANLEY et al. v. MERCHANT.

(Supreme Court, Appellate Division, Third Department.   November 16, 1910.)

1. PARTNERSHIP (§ 162*)—CONTRACTS—UNDISCLOSED PARTNER—ACTIONS.

Where one makes a contract without disclosing that he has a partner, and the other party is ignorant thereof, but later learns that the contract was in fact made for the benefit of the partnership, he may sue on the contract, either against the one with whom he made the contract or against both partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 290–299; Dec. Dig. § 162.*]

2. PARTNERSHIP (§ 44*)—SECRET PARTNER—BURDEN OF PROOF.

Where, in an action on a contract, the defense of nonjoinder of parties is set up because defendant had a partner, the burden is on defendant of showing, not only that a partnership existed, but that plaintiff had knowledge thereof when the contract was made, or of circumstances sufficient to charge him with such knowledge, and that the contract was for the firm benefit.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 61–63; Dec. Dig. § 44.*]

3. TRIAL (§ 45*)—RECEPTION OF EVIDENCE—OFFER—EVIDENCE FOR PARTICULAR PURPOSE.

In an action on a contract made with defendant individually, evidence to prove that defendant had a partner was inadmissible, in the absence of an offer to prove knowledge thereof on plaintiff's part.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 110–114; Dec. Dig. § 45.*]

Appeal from Broome County Court.

Action by William Shanley and another against Thomas B. Merchant. From a judgment, reversing a judgment of a justice of the peace in favor of plaintiffs, the latter appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edmund B. Jenks, for appellants.

T. B. & L. M. Merchant, for respondent.

COCHRANE, J.   This is an action to recover of the defendant rent of telephone appliances and fixtures furnished to him by the plaintiffs.   The defense is that there is a nonjoinder of parties defendant, because the defendant had a partner, and that the telephone was rented and used in the partnership business.   The evidence shows an oral contract with the defendant individually, and without reference to a partnership.   The plaintiff Michael Shanley testified in detail concerning the contract, and that nothing was therein said as to a partner by the defendant, or that the telephone was to be thus used by a partnership.   This evidence was uncontradicted by the defendant, by whom, if untrue, it might and should have been contradicted; and we must therefore assume that the contract was made as claimed by plaintiffs, and that it was in form at least the individual contract of the defendant.   There is no evidence that plaintiffs knew that defendant had a partner.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Where a party makes a contract without disclosing that he has a partner, and the party with whom the contract is thus made is at the time ignorant of a partnership, but subsequently discovers that the contract was in fact made for the benefit of such partnership, he may bring an action on the contract, either against the person alone who made the contract or, at his option, against both partners. North v. Bloss, 30 N. Y. 374; New York Dry Dock Company v. Treadwell, 19 Wend. 525; Marvin v. Wilber, 52 N. Y. 270. In the case last cited it was said:

"If a party purchase for himself, without disclosing that he had a partner, and the vendor was ignorant thereof, the action may be brought against the defendant alone who made the contract."

In order to make the defense of nonjoinder available to the defendant, the burden was upon him, not only to show that a partnership existed, but that the plaintiffs had knowledge thereof when the contract was made, or of circumstances sufficient to charge them with such knowledge, and that the oral contract, although negotiated with the defendant individually, was nevertheless intended for the firm benefit. North v. Bloss, 30 N. Y. 374; Woodhouse v. Duncan, 106 N. Y. 527–534, 13 N. E. 334; New York Dry Dock Company v. Treadwell, 19 Wend. 525; Cookingham v. Lasher, 1 Abb. Dec. 436.

The defendant, for the purpose of proving the partnership, called a witness who had access to the books and was acquainted with the business transactions. His testimony was excluded, on the ground that it was irrelevant. Various offers to prove the partnership were also rejected. Because of such exclusion and rejection of evidence the County Court reversed the judgment. It is clear, however, from what has been said, that if all this evidence had been received it would merely have established the fact that a partnership existed. It would not have tended to show that plaintiffs had knowledge of such partnership, nor would it have connected them in any such way as to charge them with knowledge thereof. The defendant urges that evidence of the partnership constituted merely the first step in the order of his proof, and that he intended to follow that up by proving knowledge on the part of the plaintiffs. He did not, however, disclose his purpose in Justice's Court, nor did he make any offer other than to prove the partnership, nor give any intimation of a design to bring notice thereof home to the plaintiffs in any manner. The inference from the justice's return is that the evidence of partnership, standing alone, was relied upon as sufficient to constitute a defense, unaccompanied by evidence of knowledge thereof on the part of plaintiffs.

In Flynn v. Murphy, 2 E. D. Smith, 378, a similar question arose under circumstances very similar to those which here exist. That was an action for commissions due plaintiff as agent of defendant. The defendant asked a witness for the usual and uniform rate of commissions allowed by defendant to his agents which evidence was excluded. The court, after holding that such evidence was irrelevant, unless it were shown that plaintiff rendered his services with knowledge of such usage, said:

"And although in this particular case the most convenient course might 'have been to prove the usage first and the notice afterwards, we cannot, I think, say that the justice erred in excluding evidence of the usage, when the defendant neither offered to prove that the plaintiff had notice, nor gave any intimation whatever of a design to bring notice of such usage home to the plaintiff in any manner. So far as we can gather from the return, the evidence of usage was insisted upon as per se admissible to affect the plaintiff's claim, unaccompanied by and independent of any other evidence given or proposed to be given to charge the plaintiff with notice thereof. And in this view I think the evidence was properly rejected."

See, also, to the same effect, Van Buren v. Wells, 19 Wend. 203.

It is clearly inferable from the return herein that the defendant did not intend to prove knowledge of the partnership on the part of plaintiffs. If he had such a purpose, he most successfully concealed it from the court. In Woodhouse v. Duncan, 106 N. Y. 533, 13 N. E. 336, a defense of this nature was characterized as strictly technical, and of no real consequence to any one, and the court further said:

"A defense thus technical should be closely scrutinized, and should not be :permitted to prevail, if upon any permissible view of the case it can be .avoided."

The defendant made various attempts to prove the partnership, and in several instances 'stated the purpose of his efforts; but at no time did he manifest the slightest indication to establish the supplementary facts which alone could give efficacy to the excluded evidence. In an .attempt to succeed on an unmeritorious defense, he should, within the .authorities, be strictly held to the attitude he assumed on the trial.

The judgment of the County Court should be reversed, and that of the Justice's Court affirmed, with costs to the appellants in this court .and in the County Court. All concur.