OSCAR F. MORRILL *v.* GEORGE P. MORRILL, AND OSCAR F. MORRILL *v.* GEORGE P. MORRILL.

DENIALS IN ANSWER.—If the complaint in an action by the assignee of a promissory note against the maker avers that the note was assigned to the plaintiff for a valuable consideration before maturity, and is sworn to, an answer which denies that the note was for a valuable consideration, indorsed and delivered by the payee to the plaintiff before maturity, or at any other time, does not put in issue the fact of the assignment before maturity ; but if it puts in issue anything, it is only the allegation that the assignment was made for a valuable consideration.

DEFENSE TO AN ACTION ON A PROMISSORY NOTE.—If a promissory note is assigned by the payee before maturity, payment to the assignor is no defense to an action brought by the assignee against the maker, unless it was made before the assignment, and the assignee took the assignment with notice of the payment.

EVIDENCE OF PAYMENT OF A NOTE.—A bill of sale made by the payee of a promissory note to the maker which bargains and sells, among other property, " all debts, notes, and accounts of whatever nature due me," is not evidence of the payment of the note.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The notes in suit were executed by George P. Morrill to C. Morrill, and by C. Morrill assigned to Oscar F. Morrill, the plaintiff. C. Morrill afterwards made the sale to George P. Morrill.

The other facts are stated in the opinion of the Court.

*George Cadwalader,* for Appellant.

The question is : Did the bill of sale include or exclude the promissory notes in suit ?

It is morally impossible to look at the fifteenth clause of the bill of sale, and say that for the three thousand dollars which we paid, all the notes which Charles Morrill held did not pass to us. The words used are of the most sweeping character, the consideration therefor is large, and there are no words of restriction or of exception.

The language used is: "All other debts, *notes,* and accounts, of whatever nature due me." The preceding clauses specified other notes, followed by this fifteenth section, which was to embrace everything not enumerated. Apter words could not have been used by a lawyer or man of business in drawing an instrument which was to divest him or a client of title to all his notes and accounts. The words used exclude any other interpretation. Thus, "*all other notes of whatever nature,*" imply that all were sold or satisfied regardless of their nature; that the defendant was to take them all ; that Charles Morrill was to retain none.

Broom's Legal Maxims, p. 381, under Maxim "*Verba chartarum fortius accipuntur contra proferentum,*" says : "In like manner, with respect to contract not under seal, the generally received principle of law undoubtedly is that the party who makes any investment should take care so to express the amount of his own liability, as that he may not be bound further than it was his intention he should be bound ; and, on the other hand, that the party who receives the instrument, and parts with his goods on the faith of it, should rather have a construction put upon it 'in his favor, because the words of the instrument are not his, but those of the other party."

In Parsons on Contracts, Vol. II, 61, it is said: "The parties write the contract, when they are ready to do so, for the very purpose of including all that they have jointly agreed upon,

and excluding everything else, and making this certain and permanent."

In 2 Parsons on Bills and Notes, pp. 235, 236, under head of " Satisfaction," that author says : " If he made such a declaration or promise before or after maturity for a valid consideration, which is really beneficial to the holder, and retain possession of the note—that is, giving and receiving satisfaction for the same—and it is the equivalent as to all parties to the note, and as to all who may become holders of it after maturity, or with knowledge ; and his possession of the note gives him no more rights under it than if it had been paid."

*R. C. Clark*, for Respondent.

This third answer superseded the other two, and destroyed their effect as a pleading. (*Gilman* v. *Cosgrove*, 22 Cal. 356.)

This answer being the only one really in the case at the time of the trial, and upon which alone the case was tried, presents an immaterial issue.

It does not deny the allegation of the complaint, that Charles Morrill had assigned these notes to the plaintiff, before maturity, and for a valuable consideration, but admits that allegation to be true, the complaint being sworn to. (*Smith* v. *Richmond*, 15 Cal. 501 ; *Blankman* v. *Vallejo*, 15 Cal. 638.)

The answer presents an immaterial issue in this, that every fact stated in the answer may be true, and yet afford no defense to the action.

These notes were still left by the payor in the hands of Charles Morrill, the payee, and were by him assigned to the plaintiff for a valuable consideration, before maturity, and in such case the law is well settled, that " if negotiable paper be paid before it is due, and afterwards be indorsed for value, as indorsers cannot know or guard against such payment, it constitutes no defense to their claim." (Parsons on Notes and Bills, 2d Vol., p. 215.)

Again: under the title " Satisfaction," the same author says : " But if the transaction took place before maturity of the note (even if the release be for consideration or under seal), and

afterwards, but also before maturity, the note is indorsed for value to an innocent holder, such holder is unaffected by this agreement." (*Id.* p. 236.)

In *Dod* v. *Edwards*, 2 Car. & P. 602, Lord Tenterden said : " You must show that the plaintiff knew it. If you cannot show that the plaintiff was aware of the release, your defense fails. If it were not so, you would put an end to the circulation of bills." (See note, p. 236, Parsons on Notes and Bills, 2d Vol.)

The bill of sale did not, by its terms, purport to sell or assign these notes—no mention is made of them.

Promissory notes, as between payor and payee, are not the subject of sale or assignment. The payor may pay his note, or he may plead accord and satisfaction, but in either case the evidence must be direct to the point, and show that the parties were contracting directly in reference to such note.


By the Court, SANDERSON, C. J.

These are actions upon promissory notes by an indorsee against the maker. The pleadings and facts are the same in both. The complaint in each alleges that the note was assigned to the plaintiff for a valuable consideration before maturity. Three answers were filed by the defendant, respectively denominated " Answer," " Supplemental Answer," and " Further Answer." The first attempts to put the assignment only in issue. The second alleges that the money due on the note has been attached in the hands of the defendant at the suit of a third party. The third pleads payment to plaintiff's assignor prior to the assignment. The second answer seems to have been abandoned at the trial. The first answer was filed on the 11th of September, 1863, and the last on the 5th of November thereafter.

The notes were dated on the 1st of January, 1862, one due four and the other six months after date. On the 8th of February, 1862, the plaintiff's assignor sold to defendant a large amount of merchandise and other property, notes and debts

due and owing, and gave him a bill of sale thereof, in which the property, notes, etc., are particularly described, until we come to the last item, which is in the following words:

"All other debts, notes and accounts, of whatever nature, due me, and the good will of the business, for the sum of $3,000."

On the trial the defendant offered in evidence this bill of sale in support of the plea of payment contained in his third answer. It was excluded by the Court, which ruling is the only error assigned.

If the notes were assigned before maturity, as alleged in the complaints, payments to the assignor would be no defense to an action by the assignee, unless it was made before the assignment and the assignee took with notice, which is not pretended in this case; and it is insisted by the respondent that his allegation respecting the assignments is not suffi- ciently denied by the answers, and is therefore admitted, and we are of the opinion that such is the case. The denial is in these words:

"That he denies that the promissory note mentioned in said complaint was for a valuable consideration indorsed and delivered by C. Morrill to plaintiff before its maturity or at any other time." This denial does not put in issue the fact that the note was assigned before maturity. If it puts any- thing in issue it is only the fact that the assignment was made for a valuable consideration, and not the fact that it was made before maturity. (*Burke* v. *Table Mountain Water Company,* 12 Cal. 407.) The pleadings being verified, and the assignment before maturity not specifically denied, it must be taken as admitted for the purposes of the trial. And being admitted, the defense of payment to the plaintiff's assignor fails, for it is not alleged or pretended that the plain- tiff took the notes with notice of such payment. Admitting, then, that the bill of sale amounts to proof of the alleged payment, its rejection by the Court was right, for the pay- ment in view of the admission of the assignment before maturity constituted no defense.

But independent of what has been said, the bill of sale was properly excluded, for the reason that, in our judgment, it neither proves nor tends to prove the payment alleged. The bill of sale is thus headed: " Mr. Geo. P. Morrill bought of C. Morrill, wholesale druggist." Then follows a particular description of the property, notes, accounts and debts sold and transferred, with the prices annexed, until we come to the last item. No mention is made of these notes, nor were they delivered up. The language is that of bargain and sale, and not of discharge and satisfaction. The holder does not sell the maker his note, nor does the latter buy it; he pays it, and the transaction is not described by words of bargain and sale. If there was any doubt upon the question whether the parties to this bill of sale intended to include in the transaction which it describes the satisfaction and payment of these notes, it would be effectually removed by an examination of the sworn answer of the defendant first filed in the case, in which is found the following language: " And defendant, further answering said complaint, says that the said C. Morrill" (plaintiff's assignor, and the person to whom the pretended payment is alleged to have been made in the last answer filed) " though the owner and holder of said note, and entitled to receive the payment thereof, fraudulently caused Oscar T. Morrill to be made the plaintiff herein." The defendant does not here pretend that the notes have ever been paid to C. Morrill, but admits that they are due and payable to him but not to his assignee, the plaintiff. The latitudinous scope of the bill of sale in question was not discovered at the time the first answer was filed, nor the second. It was, however, discovered in time for the third and last. It is but just to the defendant to state that the last answers were not verified by him. There is a glaring inconsistency between the first and last; and the last was verified by an agent for the reason that the defendant was absent from the State.

Judgments affirmed.