Mr. Justice CURREY expressed no opinion.

---

## J. N. RANDOLPH *v.* L. B. HARRIS.

ACTION ON LOST NOTE.—In an action upon a lost note the better practice is to tender indemnity before suit and allege the same in the complaint; but such a course is not absolutely necessary. A failure to do so is not fatal to the cause of action; it only affects the question of costs. In other respects, a tender at the trial is sufficient.

COSTS IN AN ACTION ON LOST NOTE.—Where there has been no tender of indemnity before suit, the plaintiff is not entiled to costs unless the defendant has waived a tender, in which case the costs are in the discretion of the Court.

NOTE DESTROYED BY FIRE.—On the question of indemnity no distinction can be made between a note which has been destroyed, and one which has been merely lost.

INSUFFICIENT DENIALS.—Where the pleadings are verified and the complaint contains an allegation that the note in suit was assigned by the payee to the plaintiff

for a valuable consideration by an instrument in writing, the fact of the assignment is not put in issue by a denial that the assignment was in writing and for a valuable consideration.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The note sued on was executed to Daniel Richards, on the 12th day of November, 1861. The complaint averred its assignment to plaintiff in the following language:

"Plaintiff further shows that for a valuable and sufficient consideration the said Daniel Richards, on the 13th day of May, 1864, by an instrument in writing duly stamped and delivered, conveyed and assigned to plaintiff all his (the said Richards') interest in the said promissory note, to wit: the indebtedness due thereon, said interest being the amount due on said note after deducting the payments aforesaid."

The defendant appealed.
The other facts are stated in the opinion of the Court.

*H. H. Hartley,* for Appellant.

To give a Court jurisdiction in the case of a lost instrument, it must be averred in the complaint that a proper indemnifying bond had been prepared and tendered, indemnifying the defendant against any damage he might sustain by reason of any action that might be brought against him on such instrument by any holder thereof. (1 Story's Equity Jurisprudence, Secs. 85, 86, Note 5 to Sec. 85, and authorities there referred to.) The maker of a negotiable promissory note is entitled to the note on the payment of the same, or in case the note is alleged to be lost or destroyed, then he is entitled to an indemnifying bond before payment, which should be tendered when the demand is made. (*Smith* v. *Rockwell,* 2 Hill, 482; *Rowley* v. *Ball,* 3 Cowen, 303; Chitty on Bills, 9th Am. from 8th London edition, 288, 289, 290; Story on Promissory Notes, Sec. 445, and notes and authorities; Sec. 446, and notes; *Hansard* v. *Robinson,* 7 Barnwell and Cresswell, 90.)

And whether the note is known to be destroyed or not, the maker is entitled to his indemnity. (Story on Promissory Notes, Sec. 449; *Welton and Wife* v. *Adams & Co.*, 4 Cal. 37.)

*Coffroth & Spaulding*, for Respondent.

When a note has been destroyed by fire, no indemnifying bond is required. (Story on Promissory Notes, Sec. 449.) The authorities cited by appellant have no application in this case, and none of them go so far as to say that an indemnifying bond must be tendered before suit is commenced. The evidence shows that an indemnifying bond was tendered or offered in this case before the commencement of the suit, and that defendant stated substantially that he did not require any bond. But a good and sufficient bond was tendered (though not required by law) before the entry of judgment, and filed amongst the papers in the case.

Appellant's counsel contends that there was not sufficient proof of the assignment. The answer to this is, that there is no sufficient denial of the assignment. The denial in the answer is in the alternative, and the pleading bad. (*Porter* v. *Hermann*, 8 Cal. 624; *Woodworth* v. *Knowlton*, 22 Cal. 168.)

By the Court, SANDERSON, C. J.

This is an action upon a lost promissory note, by an assignee against the maker—or, as averred in the complaint, a note which had been "totally destroyed by fire." There is no averment in the complaint to the effect that the plaintiff had tendered to the defendant a good and sufficient bond of indemnity before bringing the action. The only averment upon that subject is in the following words: "Plaintiff avers that he has offered, and now offers, to indemnify defendant against any loss or damage he may sustain on account of the destruction of said note." The action was commenced on the 27th day of June, 1864. On the 13th of August following the plaintiff filed a bond of indemnity with the Clerk of the Court, and at the trial tendered the same to the defendant, who

refused to accept it because it was insufficiently stamped and because it had not been tendered before suit. No objection was made to the form of the bond or the sufficiency of the security. The Court held that the plaintiff was not bound to tender indemnity before suit, but that the bond was insufficiently stamped, and permitted the plaintiff to add the requisite amount of stamps. In this connection the record contains the following: " The plaintiff also testified that he offered an indemnity bond before the suit was commenced, and that the defendant made some remark that amounted to a waiver of such bond." The case was tried by the Court, but no findings were filed. Judgment was for the plaintiff for the amount claimed, but is silent upon the subject of indemnity.

It is first insisted that the complaint is fatally defective in not averring that a proper indemnifying bond had been prepared and tendered before the commencement of the action.

It was held in *Welton* v. *Adams & Co.*, 4 Cal. 37, and reaffirmed in *Price* v. *Dunlap*, 5 Cal. 483, that where it appears that a negotiable security has been lost or destroyed, the maker has a right to require indemnity against all future claims under it before its payment can be enforced. In the former case, as in this, the security had been destroyed by fire, but it was held that there was no distinction to be made between a lost instrument and one proved to have been destroyed. We are satisfied with the doctrine of that case, but we do not understand that it goes to the length of holding that the bond must be prepared and tendered in advance of suit. The complaint in that case did not aver the tender of a bond, nor, as in the present case, contain an offer to give one, but on the contrary sought to excuse the plaintiffs from giving a bond on the ground of their inability to do so. The Court held that they must give one before the defendants could be compelled to pay, and the judgment of the Court was that "the judgment (which was for the plaintiffs) be reversed and the cause remanded." No direction was given to the Court below to dismiss the action, on the ground that the complaint contained no cause of actfon, which would doubtless have been

done had the Court been of that opinion.   We therefore regard
the case as merely establishing the rule that the law will not
enforce the payment of a lost note or bill without first requir-
ing the holder to indemnify the maker if he demands it, and
that, contrary to some American authorities, there is no differ-
ence in this respect between a merely lost bill and one which
the evidence shows has been destroyed.

The only question, then, which we are called upon to deter-
mine is whether it is absolutely necessary for the plaintiff to
tender a bond before he brings his action.

With the question as to which forum, whether a Court of
law or equity, can afford relief in a case like the present, we
have nothing to do, for under our system the two are blended,
except so far as that question may be collaterally involved in
the one before us.   In England a suit at common law cannot
be maintained in such a case, but resort must be had to
a Court of Chancery, which always decrees indemnity (*Han-
sard* v. *Robinson*, 7 Barn. & Cress. 90,) upon the ground
that upon the payment of a note or bill the maker or acceptor
is entitled by the law merchant to its possession as a voucher
of its payment, or, if that cannot be had, to an equivalent in
the shape of reasonable indemnity against all future claims
upon him.   The English doctrine was in effect, as we under-
stand it, adopted in *Welton* v. *Adams & Co., supra*.   Treating
the case, then, as one of equitable cognizance, we think the
failure to tender indemnity before suit is not fatal to a recovery,
and only affects the question of costs.

The tender of indemnity cannot be considered as any part
of the plaintiff's cause of action or as a fact or event upon
which his right of action accrues.   It is merely a condition
which the law imposes upon his right to enforce his cause of
action, the performance of which is exacted as a substitute
for the delivery of the note or bill, which otherwise he is
bound to make upon payment.   But it is inequitable to sub-
ject the defendant to costs when he may be willing to pay
upon reasonable indemnity and before he is placed in the
wrong by a tender and refusal.   Hence, if the plaintiff desires

to recover costs, he must make the tender before suit or show a waiver of indemnity on the part of the defendant. On the other hand, all that the defendant can rightfully ask is that he be not required by the Court to pay the money or subjected to costs until reasonable indemnity has been furnished.

The proper course to pursue in such cases is for the plaintiff to prepare and tender before suit reasonable indemnity. If it be refused he can then sue, alleging the tender and refusal, and keep the tender good by filing the bond in Court. If, at the trial, the Court shall be of the opinion that the indemnity is reasonable and sufficient, he will be entitled to judgment with costs. But he may sue and offer in his complaint to give such indemnity as the Court may adjudge reasonable, and upon complying with the order of the Court in that respect, take his judgment, but without costs. This last course was adopted in *Tersey* v. *Gary*, commented on by Lord Chancellor Hardwick in *Walmsley* v. *Childs*, 1 Vesey Sr. 345, and sustained. The same principle was recognized in *Gray* v. *Dougherty*, 25 Cal. 282. In cases like the present the costs are regulated by the four hundred and ninety-eighth section of the Practice Act, and are left to the discretion of the Court to be awarded or apportioned according to the equity of the case.

In this case, as before stated, there is no averment of a previous tender, and but for the fact that such tender seems to have been waived by the defendant, we should be compelled to reverse the judgment so far as the allowance of costs is concerned. We think, however, that the allowance of costs was correct in view of that fact.

The exceptions taken to the admission of the written assignment of the note by the original payee to the plaintiff are answered by the fact that the assignment was not in issue and no proof of it was therefore required. The attempted denial of the assignment in the answer is in these words: " And this defendant further answering on information and belief, denies that said Daniel Richards, for a valuable consideration, assigned, by a written instrument, the indebtedness due upon

said note, or that the said assignment was stamped with United States revenue stamps of the required amount and denomination, or that any written assignment was made." This is not a denial of the assignment. If it can be considered as a denial at all, it can only be considered as a denial that the assignment was in writing, and that it was made for a valuable consideration. Such a denial was held bad in *Burke* v. *Table Mountain Water Company*, 12 Cal. 407, and *Morrill* v. *Morrill*, 26 Cal. 292. The pleadings being verified and the assignment not specifically denied, it must be taken as admitted for all the purposes of the trial.

Judgment affirmed.