QUEEN CITY BANK, Respondent, *v.* FRED W. HUDSON, Appellant. Impleaded with SARAH E. SHORT.

*Bills and notes — a denial of knowledge whether a co-defendant indorsed and transferred a note for value or otherwise, etc., is not a denial of the indorsement and transfer.*

In an action brought upon a promissory note against one Fred W. Hudson, the maker, and Sarah E. Short, the payee and alleged indorser thereof, the answer of the maker alleged " that he has no knowledge or information sufficient to form a belief as to whether or not said defendant Sarah E. Short, for value, indorsed and transferred said note to said plaintiff as alleged in said complaint or otherwise, and, therefore, denies the same."

*Held,* that this was not a denial of the indorsement and transfer of the note, but merely a denial that the indorsement and transfer were made "for value," which was entirely immaterial;

That the phrase "or otherwise" merely related to the consideration of the transfer — whether it was for value or not.

APPEAL by the defendant, Fred W. Hudson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 29th day of April, 1896, upon the decision of the court rendered upon a motion made at the Erie Special Term for judgment on the ground that the answer interposed by the defendant, Fred W. Hudson, was frivolous, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 29th day of April, 1896, directing the entry of said judgment.

*J. W. Russell,* for the appellant.

*William L. Marcy,* for the respondent.

Order affirmed on the opinion of SPRING, J., delivered at Special Term, with ten dollars costs and disbursements.

All concurred.

The following is the opinion of SPRING, J. :

SPRING, J.:

The action is on a promissory note made by the defendant, Hudson, to the order of his co-defendant. The complaint alleges that the payee, "for value and before the maturity of said note, duly indorsed and transferred the same to the plaintiff, which thereupon became and still is the sole, true and lawful owner thereof."

The averment of denial of the defendant Hudson, who alone answers, is as follows : "That he has no knowledge or information sufficient to form a belief as to whether or not said defendant, Sarah E. Short, for value, indorsed and transferred said note to said plaintiff, as alleged in said complaint, or otherwise, and, therefore, denies the same."

The contention of the defendant is, that this is a denial of the indorsement and transfer of the note to plaintiff, which is an issuable averment. (*Taylor* v. *Smith,* 29 N. Y. St. Repr. 365 ; *The Robert Geer Bank* v. *Inman,* 51 Hun, 97.)

The vice in the denial is that it does not deny the indorsement and transfer, but that they were made for value, which is an immaterial averment. Whether the plaintiff's title came by gift, or was based upon a valuable consideration, is unimportant in this case; but the significant inquiry is as to whether it obtained title by indorsement and transfer from the payee, and that fact is not covered by the quoted allegation in the answer. If the defendant possessed knowledge of the indorsement and transfer of this note, no indictment for perjury could be based upon the denial, for he could say that he simply denied that the indorsement and transfer were for value, and an inspection of the answer would sustain this contention.

Nor does the phrase " or otherwise " shield defendant from the defective pleading, for that limits the consideration of the transfer; that is, defendant has no knowledge whether the transfer was made for value or otherwise, whether with or without consideration. The averment is skillfully drawn to place stress upon the *quid pro quo* and evade any denial of the facts which vest title and possession in the plaintiff as alleged in the complaint. (See *Morrill* v. *Morrill*, 26 Cal. 288–292; *Frasier* v. *Williams*, 15 Minn. 288.)

The complaint, after alleging the indorsement and transfer, avers that thereupon the plaintiff became and still is the true and lawful owner and holder thereof. While ordinarily such an allegation is a conclusion of law, it does show the basis of the holder's title to be the transfer and indorsement specifically set forth. The fact that the answer fails to deny this possession or title is significant in stamping the pleading as an evasive one, and confirms the construction I have given to the denial, viz., that it was cunningly framed, not to test the question of the plaintiff's title, but to edge in a controversy over an immaterial averment.

The defendant's counsel cites several authorities in support of the proposition that an averment in the form of a negative pregnant, following the language of the complaint, is good. That may be true where an inspection of the pleading shows that the design of the defendant is to put in issue a material allegation of the complaint. It is not then so important in what form the denial is couched if the scope of the allegation is obvious. The infirmity here descends a stratum below the mere form in pleading, for to my mind it is pre-

pared, not to deny in any manner the indorsement and transfer, but that they were based on value.

I am aware that, where the defendant has no knowledge or information sufficient to form a belief as to a material allegation set forth in the complaint, a qualified denial setting forth such lack of knowledge or information is permissible ; but in that case, as in every other, the denial must be specific, and unequivocally put in issue the material allegation in the complaint. Under such a qualified denial the defendant certainly cannot be allowed to incorporate in his answer an evasive averment merely for the purpose of delay, and I am thoroughly impressed that such was his intention in interposing the answer in controversy.

Judgment is ordered for plaintiff on the ground that the answer is frivolous, with ten dollars costs.