[S. F. No. 9126.    In Bank.—June 16, 1920.]

## ADA I. BROWN, Respondent, v. ANDERSON–COTTONWOOD IRRIGATION DISTRICT (a Corporation), Appellant.

[1] CORPORATIONS — LOST BOND — ACTION FOR DUPLICATE — CODE PROCEEDING—PLEADING—ESSENTIAL ALLEGATIONS.—A complaint in an action against a corporation to obtain a new or duplicate bond which alleges merely that the bond has been lost or destroyed is insufficient to initiate the proceeding provided by section 329 of the Civil Code, since the section applies only to a loss or destruction in this state through some calamity such as a fire or earthquake.

[2] ID.—BILL IN EQUITY—SUFFICIENCY OF COMPLAINT.—A complaint in an action against a corporation to obtain a new or duplicate bond which alleges merely that the bond has been lost or destroyed is sufficient as a bill in equity, since to entitle the plaintiff to relief in equity it is not necessary that the instrument be lost or destroyed in any particular manner.

[3] ID.—DEMAND FOR NEW BOND—UNNECESSARY CONDITION PRECEDENT TO SUIT.—The sufficiency of such a complaint as a bill in equity is unaffected by the failure to allege a demand for the issuance of a new bond before suit, since such suit is not one for relief against a wrong but to enforce a right in the plaintiff, and the presence or absence of a prior demand upon and refusal by the defendant is material only on the question of liability of defendant for costs.

[4] ID.—BILL IN EQUITY—SCOPE OF RELIEF—JUDGMENT—CANCELLATION OF LOST BOND UNAUTHORIZED.—Where the complaint in an action to obtain a new or duplicate bond is insufficient under the code proceeding, but sufficient as a bill in equity, the plaintiff is not entitled to the relief provided by the code, but only to such relief as may be given under the court's general equity powers, and a judgment directing the issuance of a new bond and canceling the original bond is unwarranted as to the portion providing for cancellation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carr & Kennedy for Appellant.

tum Suden & tum Suden for Respondent.

OLNEY, J.—This is an appeal by the defendant from a judgment entered against it upon its failure to answer after the overruling of a demurrer which it had interposed to the plaintiff's complaint. The question is therefore as to the sufficiency of the complaint.

The complaint alleged in brief that the plaintiff was the owner of a one thousand dollar bond issued by the defendant, a public irrigation district, and that the bond had been lost, and prayed for a decree directing the issuance to the plaintiff of a new bond, and the cancellation of the one lost. The prayer and certain of the allegations of the complaint make it certain that the plaintiff had in mind to proceed under section 329 of the Civil Code. That section provides that "whenever a bond . . . of a corporation . . . has . . . been lost or destroyed in this state by fire, earthquake, or other calamity, the owner thereof may bring an action against such corporation . . . for the purpose of obtaining a new or duplicate bond. . . . " The principal ground of demurrer to the complaint was that it alleged merely that the bond had been lost or destroyed, and not that it had been lost or destroyed in this state, or in any calamity such as a fire or earthquake. [1] Viewed as the initiation of a proceeding under the code section, the complaint was certainly insufficient in these particulars. The section by its terms plainly applies only to a loss or destruction in this state through some calamity such as a fire or earthquake, and this the complaint did not allege.

But it does not follow that the complaint was open to demurrer as failing to show a case wherein the plaintiff was entitled to relief. The code section does not purport to prescribe the only case in which a lost or destroyed instrument may be restored, or to prescribe the procedure which alone can be followed to obtain such restoration. It provides merely that in certain cases a certain procedure may be followed for that purpose. The restoration of lost instruments is an old and well-established function of courts of equity, and it is likewise well established that their jurisdiction in this respect is not impaired by the passage of statutes providing for special proceedings for the same purpose, unless the intent to make such special proceedings exclusive appears. (25 Cyc. 1609.) Such intent does not appear in the statutes of this state.

[2]    Viewed not as the initiation of a proceeding under the code section, but as the equivalent under our reformed procedure of a bill in equity, the complaint is sufficient in the particulars under discussion, since to entitle the plaintiff to relief in equity the loss or destruction of the instrument is alone sufficient, and it is not necessary that it be lost or destroyed in any particular manner. It is wholly immaterial that the plaintiff mistakenly conceived that upon the facts stated in the complaint she was entitled to maintain an action under the authority of the code section. It was necessary only that the complaint show that she had in fact a cause of action of some sort, and was entitled to relief. Showing this, the complaint is sufficient, and the truth of its allegations being established either by evidence or by the admission of the defendant, as by its failure to answer, the plaintiff is entitled to have the relief which the facts established justify, although that relief may not be exactly what she conceived she was entitled to.

[3]    The defendant also makes the point that viewed as the equivalent of a bill in equity, the complaint is yet insufficient because it fails to allege any demand upon the defendant for the issuance of a duplicate bond before the commencement of the action. It is true that the defendant would not be in the wrong until such demand was made and refused. But a suit in equity of this character is not one for relief against a wrong committed by the defendant, but is one to enforce a right in the plaintiff. The plaintiff's right to a duplicate bond depends wholly on the loss of the original, and a demand upon the defendant is not an element of the right and therefore not of the plaintiff's cause of action. Under these circumstances, the presence or absence of a prior demand upon and refusal by the defendant is material only on the question of the defendant being liable for costs. The case comes directly within the principle of *Randolph* v. *Harris*, 28 Cal. 561, 565, [87 Am. Dec. 139], where in a suit of this character it was held that a prior tender to the defendant of an indemnity bond was material only as to the matter of costs. Upon the point of the plaintiff's right to maintain the suit there is no distinction between a prior demand upon the defendant and a prior tender to it of an indemnity bond. Both are necessary to put the defendant in the wrong, but neither is an element of the

right sought to be enforced. If one is not a condition precedent to the right to maintain the suit, there is no reason why the other should be. (See, also, *Gray* v. *Dougherty,* 25 Cal. 266, 282; and *Farmers' Exchange Bank* v. *Altura etc. Co.,* 129 Cal. 263, 270, [61 Pac. 1077].) The action of the lower court in overruling the defendant's demurrer was therefore correct.

This conclusion, however, does not entirely dispose of the matter. [4] The plaintiff was not entitled to relief under the code section, but only to such relief as might be given by the court under its general equity powers. The plaintiff, however, after the overruling of the demurrer and the defendant's failure to answer, proceeded under the code section, and the relief decreed by the judgment was that provided by the code section. To the extent to which the relief so decreed exceeded or departed from that properly allowable in a suit in equity for the restoration of a lost instrument, the judgment is at fault. The code section provides for a judgment not merely directing the issuing of a duplicate instrument, but also canceling the original instrument, and the judgment in this case so provides. It is difficult to see how literal effect can be given to this provision in view of the fact that the original bond is supposedly lost or destroyed, so that its actual cancellation is an impossibility. Presumably what is meant is that the original bond be judicially declared to be null and void. Such a judicial declaration would of course be wholly ineffective as to third persons, unless the action be one *in rem.* It is not necessary to determine whether an action under the code section would be of that character. The present action is not one under the code section, and is purely *in personam.* The court not having the power to declare the bond void as to third persons, it should not be declared void as between the plaintiff and defendant. If, in spite of its supposed loss or destruction, it should subsequently appear in the hands of a third person entitled to enforce it against the defendant, the plaintiff should have no right to enforce the duplicate bond issued in substitution for it. But she would have this right if in the present action the original bond has been declared void as between her and the defendant. The plaintiff has no right to a decree which would or might have this effect. The judgment appealed from is therefore modified

by striking out the last paragraph thereof beginning with the word "Wherefore" and ending with the word "herein," and substituting in lieu thereof the following:

"Wherefore, by reason of the premises, the court does hereby order, adjudge and decree that in substitution for that certain one thousand dollar gold bond with attached coupons, specified in the complaint herein, and issued by the defendant herein, Anderson-Cottonwood Irrigation District, and evidencing an obligation of the defendant for the payment of a principal sum of one thousand dollars, with the interest to accrue thereon, the said defendant do execute and issue to Ada I. Brown, the plaintiff herein, a duplicate bond of like tenor and import, together with duplicate coupons attached of like tenor and import, upon the plaintiff paying to the defendant all costs incurred by the latter in the premises, the same being hereby taxed at —— dollars, together with the expenses of the execution and issue of said duplicate bond and coupons, and upon the plaintiff executing unto the defendant an indemnity bond in the sum of two thousand dollars, in form and with sureties approved by the court, indemnifying defendant against any loss or liability which may be suffered by it by reason of the execution and issuance of said duplicate bond and coupons distinct from and in addition to the liability of defendant heretofore evidenced by the bond and coupons for which such duplicate bond and coupons are to be executed and issued in substitution."

As so modified, the judgment is affirmed, each party to bear its own costs on appeal.

Shaw, J., Wilbur, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.