[Civ. No. 5550.   First Appellate District, Division Two.—March 30, 1926.]

## THOMAS SIMPSON et al., Respondents, v. WILLIAM NIELSON et al., Appellants.

[1] CORPORATIONS—ACTION TO DETERMINE VALIDITY OF ELECTION OF DIRECTORS—INAPPLICABILITY OF SECTION 526, CODE OF CIVIL PROCEDURE.—Section 526 of the Code of Civil Procedure, denying the right to an injunction to prevent the exercise of a public or private office by the person in possession, has no application to an action brought under section 315 of the Civil Code, which expressly provides a mode of procedure to determine the validity of elections to corporate offices.

[2] ID.—ACTION TO DETERMINE VALIDITY OF ELECTION OF DIRECTORS—EQUITY—INJUNCTION—JURISDICTION—PLEADING.—An action to determine the validity of an election of directors of a corporation is a proceeding in equity, and the trial court, in such an action, has the power to issue a temporary restraining order preventing the interference by defendants with the plaintiffs in the latter's exercise of the functions of the offices to which they claim to have been elected, as auxiliary relief pending the final determination of the controversy; and the fact that the complaint may not plead all the circumstances required by the section of the

code authorizing the action does not affect the question of jurisdiction to issue the order.

[3] ID.—VOTING AGREEMENT—VIOLATION OF SECTION 321B, CIVIL CODE. A voting agreement which authorizes an individual to vote corporate stock at all meetings of a corporation in accordance with the wishes of a majority of the signers of the agreement, was violative of section 321b of the Civil Code, where the term of the agreement was fixed at twelve years and said individual was named as proxy for the period of five years.

[4] ID.—REVOCATION—TIME.—A signer of such agreement was within his rights in giving written notice of revocation of the agreement about one year after he had signed the same.

(1) 14a C. J., p. 63, n. 10.    (2) 14a C. J., p. 64, n. 19; 32 C. J., p. 20, n. 4, p. 363, n. 80.    (3) 14 C. J., p. 913, n. 63 New.    (4) 14 C. J., p. 911, n. 27.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting temporary restraining order in an action to determine validity of election of directors of a corporation. Frank M. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. F. Riley, H. S. Young and Bert F. Rabinowitz for Appellants.

John H. Riordan for Respondents.

NOURSE, J.—The plaintiffs, who constitute the majority in number and in ownership of stock of the stockholders of the Diamond Laundry Company, a corporation, commenced this action under the provisions of section 315 of the Civil Code, to determine the validity of an election of directors of the corporation held on March 5, 1924. The plaintiffs alleged in their complaint that three of their number were elected directors at said meeting, but that defendant Collopy, claiming to act under a written proxy from one of the plaintiffs, voted his stock at said meeting, and that three of the defendants thereby claimed to have been elected directors; that these three defendants had taken possession

3.  See 6 Cal. Jur. 895.

of all the property of the corporation to the injury of the plaintiffs. The complaint closed with a prayer that the defendants be restrained from acting as officers of the corporation and from possessing its books and properties, and that the election of the three plaintiffs—Simpson, Neibel, and Mehegan—be declared valid, that the voting agreement, or proxy, be declared void, and for other equitable relief.

The trial court found all the allegations of the first cause of action to be true and issued its temporary restraining order preventing the interference by defendants with the three plaintiffs named in their exercise of the functions of the offices to which they claimed to have been elected. From this order the defendants have appealed on typewritten transcripts.

[1] The first point raised is that the trial court was without jurisdiction to issue the order because of the code provisions denying the right to an injunction to prevent the exercise of a public or private office by the person in possession. (Sec. 526, Code Civ. Proc.) The section has no application to a case of this kind. This action is brought under section 315 of the Civil Code, which expressly pro-vides a mode of procedure to determine the validity of elections to corporate offices. [2] The proceeding is one in equity. (*Dulin* v. *Pacific Wood & Coal Co.*, 103 Cal. 357, 364 [35 Pac. 1045, 37 Pac. 207].) Thus the court had the power to issue a temporary restraining order as auxiliary relief pending final determination of the controversy. (See *Foster* v. *Superior Court*, 115 Cal. 279, 284 [47 Pac. 58]; *Title Ins. etc. Co.* v. *California Development Co.*, 171 Cal. 173, 208 [152 Pac. 542].) The fact that the complaint may not have pleaded all the circumstances required by the section of the code authorizing the action does not affect the question of jurisdiction to issue the order. (*Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186, 187 [190 Pac. 797].)

[3] The appellants rely upon a voting agreement executed June 16, 1922, wherein Neibel, one of the plaintiffs, agreed with certain of the defendants and that the defendant Collopy should vote their stock at all meetings of the corporation in accordance with the wishes of the majority of the signers of the agreement. The term of the agreement was fixed at twelve years and Collopy was named as proxy for

a period of five years. The appellants rely upon *Smith v. San Francisco & N. P. Ry. Co.*, 115 Cal. 584 [56 Am. St. Rep. 119, 35 L. R. A. 309, 47 Pac. 582], wherein a similar agreement, except as to the time of its duration, was held valid. After that decision the legislature enacted section 321b of the Civil Code, which provides that no proxy for the voting of stock shall be valid unless it shall specify the length of its duration, which shall not exceed seven years, and that all proxies for such purposes shall be revocable.

It is useless to discuss cases from other jurisdictions when the question is plainly covered by our statutory law. There is no uncertainty or ambiguity in the section of the code cited. A proxy given for a term in excess of seven years is invalid and one for any term is revocable at the pleasure of the stockholder. Cases involving voting trust agreements likewise have no application here. [4] The parties entered into an agreement in violation of the express terms of the statute, and in July, 1923, nearly a year prior to the date of the stockholders' meeting, Neibel gave written notice of revocation of this agreement. The trial court merely followed the express terms of the statute in holding that he had a right to do this, and we see no need of citation of authority in support of his order.

Order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 27, 1926, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1926.