[S. F. No. 12861. In Bank.—April 7, 1930.]

CHRISTOPHER D. McKEON, Appellant, v. MATILDA NEUSCHWANDER, Respondent.

Knight, Boland & Christin for Appellant.

Edward J. Lynch for Respondent.

WASTE, C. J.—Plaintiff prosecutes this appeal from a judgment for costs entered in favor of the defendant upon the sustaining of a general demurrer to the complaint without leave to amend. From the allegations of the complaint it appears that on March 8, 1922, the defendant, by written instrument, let and demised to the plaintiff for a period of seven years certain real property situate in the city and county of San Francisco; that during the term of said lease the plaintiff lost and mislaid his copy of the lease; that in the months of July and September, 1926, plaintiff requested the defendant to execute and deliver to him another copy of said lease; that defendant at all times neglected and refused to comply with such request; that plaintiff thereupon commenced an action having for its purpose the restoration of the lost lease; that judgment was thereafter duly entered in such action restoring said lease; that between the time plaintiff first requested the defendant to execute and deliver to him a second copy of the lease and the entry of the judgment restoring it as a lost document, plaintiff had been offered by a *bona fide* purchaser the sum of $12,500 for all of his right, title and interest in and to the leasehold premises; and that, "by reason of the fact that plaintiff did not have his lease, which was lost as hereinabove alleged, and by reason of the refusal of defendant to execute a copy thereof and to restore the same, plaintiff was unable to and could not sell all of his right, title and interest in and to said lease," all to his damage in the sum of $12,500.

We are of opinion that the court below properly sustained defendant's demurrer without leave to amend. The case is apparently one of first impression, for our research has failed to disclose any case presenting for adjudication the precise point here involved. Plaintiff concedes that he is urging a novel point, and his brief cites us to but one case which has to do solely with the right of an interested party to proceed either in equity or at law under a pertinent

statute or code section to secure the judicial restoration of a lost document—*Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186 [190 Pac. 797]—wherein our law upon this subject is fully stated. [1] There can, of course, be no question but that plaintiff had the right to proceed, as he in fact did, to have his lost lease judicially restored. A suit of this character, however, is "not one for relief against a wrong committed by the defendant, but is one to enforce a right in the plaintiff." (*Brown* v. *Anderson-Cottonwood Irr. Dist., supra* (p. 188.) This "right" to have a lost document judicially restored merely means that there is available to an interested party a proceeding wherein, upon competent evidence, he may have the terms and provisions of such lost document judicially declared. It does not carry with it the right to compel, and we have been unable to find any statute requiring, the other party to such document to furnish a second copy thereof to take the place of the lost copy. In other words, the defendant was not legally obliged to comply with the plaintiff's request in this regard. [2] It is essential to the statement of any cause of action that there be a primary right and corresponding duty and a violation thereof. (*McKee* v. *Dodd*, 152 Cal. 637, 641 [125 Am. St. Rep. 82, 14 L. R. A. (N. S.) 780, 93 Pac. 854].) The absence of these essential elements precludes the plaintiff herein from stating a good cause of action, and the defendant's demurrer to the complaint was, therefore, properly sustained without leave to amend.

The defendant being unwilling to supply a second copy of the lease to the plaintiff, the latter's sole and only remedy in this connection was to proceed to have the document judicially restored. This course he regularly pursued. Defendant's refusal to furnish the requested copy of the lease could be "material only on the question of the defendant being liable for costs" in the restoration proceeding. (*Brown* v. *Anderson-Cottonwood Irr. Dist., supra* (p. 188.) Inspection of the judgment entered in that proceeding, a copy of which appears in the transcript herein, tends to indicate that the plaintiff availed himself of the right to recover his costs therein. Plaintiff's alleged loss is chargeable to his own carelessness in misplacing, or his misfortune in losing,

his copy of the lease, rather than to any violation of a legal right or breach of a legal duty by the defendant.

The judgment is affirmed.

Langdon, J., Preston, J., Curtis, J., Shenk, J., Richards, J., and Seawell, J., concurred.