[Civ. No. 4590.   Third Appellate District.—April 19, 1932.]

CENTRIFUGAL NATIONAL CONCENTRATOR COM-
PANY (a Corporation), Appellant, v. C. W. ECCLES-
TON et al., Respondents.

John B. Haas and John D. Home for Appellant.

Newby & Newby and Dee Holder for Respondents.

ANDERSON, J., *pro tem.*—This is a case where the defendant is the owner of more than 300,000 shares of stock held in the plaintiff corporation, being a majority of the stock. An order was made by the corporation commissioner denying the defendant the right to vote other than a very limited number of shares of said stock.

We think the order of the commissioner was and is unauthorized and void, under section 4 of the Corporate Securities Act (Act 3814, Deering's Gen. Laws, 1923, p. 1411), as the act read at the time the order herein was issued: "If he finds that the proposed plan of business of the applicant is not unfair, unjust or inequitable, that it intends to fairly and honestly transact its business, and that the securities that it proposes to issue and the methods used by it in issuing or disposing of them are not such as, in his opinion, will work a fraud upon the purchaser thereof, the commissioner shall issue to the applicant a permit authorizing it to issue and dispose of securities. . . . The commissioner may impose such conditions as he may deem necessary to the issue of such securities." The permit or order of the corporation commissioner is found in the transcript.

The underlying reason for the passage of the statute was to protect the public against the perpetration against it of acts of fraud in the issuance and sale of stock; its sole purpose was to disclose and uncover the hidden acts of the fraudulent—not to prohibit legitimate business or suppress the exercise by an individual of valid and constitutional rights which could not under any circumstances constitute a fraud upon the public. The object of the statute is to confer power upon the corporation commissioner to make regulations to prevent the perpetration of fraud; but "the power to pass reasonable regulations in such a case bears no relationship to the power to prohibit or suppress". (*In re Dart,* 172 Cal. 54 [Ann. Cas. 1917D, 1127, L. R. A. 1916D, 905, 155 Pac. 63, 65].) So in this case, the power of the

state corporation commissioner to impose reasonable regulations to safeguard the public against fraud and oppression in stock sales does not for a moment vest him with the power to override the state Constitution. (Sec. 12, art. XII, Const.)

█ The defendant Eccleston has purchased the stock in like manner as any other person may have purchased stock, and paid cash therefor; he has transferred to the corporation a property right of the value of approximately one-half million dollars; he has received from that corporation certificates of its stock of like face value. It would be as logical to argue that a person who has bought $500,000 worth of stock and paid for it in cash should be deprived of the right to vote the same. Could a greater fraud be perpetrated upon anyone by the commissioner than for him to force Eccleston to waive his right to vote his stock? The Constitution has given the owner of stock the right to vote it because it is he who is, in the last analysis, liable for the debts of the corporation in proportion to the stock owned by him. Everyone who enters a corporation by buying stock therein knows that those who control the greater number of shares of the stock may have the control of the corporation in every way.

In *Toledo Traction, Light & Power Co.* v. *Smith,* (D. C.) 205 Fed. 643–658, the court said: "It is said that this statute is vicious, in that it affords an opportunity, if so construed, to oppress the minority. That may be, but minorities in corporations have always the court's protection against the tyranny of the majority, and it would seem that the oppression of the minority by the majority is not likely to be as mischievous to the corporation itself as if the conditions were reversed. Our contention is in sympathy with the tenor of judicial decision." (See, also, *People* v. *Emmerson*, 302 Ill. 300 [21 A. L. R. 636, 134 N. E. 707]; *Brooks* v. *State ex rel. Richards,* 3 Boyce (26 Del.), 1, Ann. Cas. 1915A, 1133, 51 L. R. A. (N. S.) 1126, 79 Atl. 790]; *Brewster* v. *Hartley,* 37 Cal. 15 [99 Am. Dec. 237]; *People's Home Savings Bank* v. *Superior Court,* 104 Cal. 649 [43 Am. St. Rep. 147, 29 L. R. A. 844, 38 Pac. 452]; *Harvey* v. *Lineville Imp. Co.,* 118 N. C. 693 [54 Am. St. Rep. 749, 32 L. R. A. 265, 24 S. E. 489]; *Simpson* v. *Nielson,* 77 Cal. App. 297, 299 [246 Pac. 342]; *City of Los Angeles* v. *Owens River Canal Co.,* 120 Cal. App. 380 [7 Pac. (2d) 1064].)

■ The fact that Eccleston waived his right to vote because the commissioner compelled him so to do does not forfeit his right to vote, for the reason that the basis of Eccleston's waiver is the void order of the commissioner. For enlightenment on this feature the following authorities may be considered: 5 Cal. Jur. 641; *Pacific Telephone Co.* v. *Eshleman,* 166 Cal. 640 [Ann Cas. 1915C, 822, 50 L. R. A. (N. S. ) 652, 137 Pac. 1119]; *In re Dart,* 172 Cal. 47 [Ann Cas. 1917D, 1127, L. R. A. 1916D, 905, 155 Pac. 63]; *Toledo, St. L. & K. C. R. Co.* v. *Continental Trust Co.,* 95 Fed. 497, 525; *Rice* v. *McCarthy,* 73 Cal. App. 655 [239 Pac. 56]; *City of Los Angeles et al.* v. *Owens River Canal Co., supra.*

■ We feel that the determination of the question, that the order made by the commissioner that the defendant had no right to vote all of the stock owned by him is and was void, is determinative of the whole case. All subsequent acts, elections of directors, electing of officers, levying assessments, sales of stock, etc., fall under the declaration declaring the order of the commissioner void, as these acts can have no existence in law thereafter.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.